**Jasper LEWIS, Plaintiff-Appellant,**

v.

**MAGNA AMERICAN CORPORA-TION et al., Defendants-Appellees.**

No. 72–1338.

United States Court of Appeals, Sixth Circuit.

Dec. 27, 1972.

Paul H. Tobias, Cincinnati, Ohio, Goldman, Cole & Putnick, Cincinnati, Ohio, for plaintiff-appellant.

D. Michael Poast, Kyte, Conlan, Wulsin & Vogeler, Cincinnati, Ohio, and David L. Gore, Pittsburgh, Pa., for defendants-appellees; Robert I. Doggett, Cincinnati, Ohio, Alan R. Vogeler, Cincinnati, Ohio, on briefs; Bernard Kleiman, Kleiman, Cornfield & Feldman, Chicago, Ill., George F. Carr, Jr., Cincinnati, Ohio, of counsel.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Jasper Lewis appeals from summary judgment against him in his suit against his former employer, Magna American Corporation, and his union, United Steelworkers of America, Local 4888.

Lewis was employed for thirteen years by Magna and apparently had a good work record. In the spring of 1966, he arranged with a fellow worker and another friend to obtain for him a bandsaw, manufactured by Magna, for $30. Lewis concedes that he was aware of the company policy of selling any of its products to its employees at a 30 per cent discount, but instead made this arrangement with his fellow worker in order to get a better price. The price with the employee dis-

count would have been $66. The fellow employee stole the bandsaw from Magna and delivered it to Lewis in exchange for the agreed upon price. No receipt was given.

Smith, the fellow employee, was later caught in the act of stealing other merchandise from Magna. In his confession, he implicated Lewis in the earlier incident. Lewis, on May 13, was discharged by the company under Rule 20 of its Employee Rules which provided for discharge for the offense of "theft or removal from the premises without authorization of any company property or any fellow employee's property."

Lewis asked his collective bargaining representative, the union, to process a grievance regarding the discharge, which the union did. The union represented Lewis through three steps of a four step grievance procedure, declining, after learning of Smith's confession, to proceed to arbitration. The union learned of the confession during the grievance procedure.

Lewis filed suit in the District Court against the company for wrongful discharge and against the union for breach of its duty of fair representation under § 301 of the Labor Management Relations Act. The District Court granted the motions for summary judgment of both defendants for lack of material questions of fact. Lewis appeals.

The District Court may grant summary judgment when there is no genuine fact issue before the Court. Fed. R.Civ.P. 56(c). We find there was no issue of fact before the District Court and therefore summary judgment was proper.

The shop rule on theft was clear and did not, contrary to appellant's contention, require a *mens rea*. The discharge, therefore, was proper.

As for the fair representation charge, the Supreme Court, in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), outlined the standard which must be met. According to *Vaca*, the union's conduct toward its member must be shown to be arbitrary, discriminatory or in bad faith. 386 U.S. at 190, 87 S.Ct. 903. The *Vaca* standard was applied in this Circuit in Dill v. Greyhound Corporation, 435 F.2d 231 (1970), cert. denied, 402 U.S. 952, 91 S.Ct. 1622, 29 L.Ed. 2d 122 (1971).

In this case, the discharge was for cause under a proper shop rule. The union, therefore, in basing its refusal to proceed to arbitration on the validity of the company's discharge, did not act arbitrarily or discriminatorily. The employee did not have the right to require his union to pursue a meritless grievance to arbitration.

This case, because it presented no substantial dispute as to factual issues, provided a proper case for summary judgment. *See* Williams v. Kroger, 369 F.2d 85 (6th Cir. 1966).

Lewis relies upon the decision of this court in Day v. Local 36, UAW et al., 466 F.2d 83 (6th Cir. 1972). We hold that *Day* is distinguishable on its facts from the present case and therefore is not controlling here.

Affirmed.