Joseph CECIL, Plaintiff,

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW and Local 1336, UAW, Defendants.**

No. 7252–B.

United States District Court,
W. D. Kentucky.

April 4, 1973.

Martin F. Sullivan, Jr., Louisville, Ky., for plaintiff.

Herbert L. Segal, Louisville, Ky., for defendants.

## MEMORANDUM AND ORDER

BRATCHER, District Judge.

This action is now before the Court for the second time on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On its first submission, the Court overruled the motion by order dated August 17, 1972, principally because, as stated in the order, "the information now before the Court is inadequate to justify sustaining defendant's motion".

Plaintiff was discharged for an alleged violation of an established company rule forbidding theft of company property. The complaint was initially filed in the state court and charged that the union breached its duty owed to the plaintiff to fairly represent the plaintiff employee by not prosecuting his grievance of unfair discharge to the fourth step requiring arbitration of such disputes.

■ The complexion of this case has been substantially changed since the Court's August 17 order because of additional depositions, answers to interrogatories and affidavits. We note in passing, however, that the plaintiff has de-

clined to favor us with a brief dealing with the questions here involved. An examination of the entire record, including evidentiary matters, shows conclusively that this motion should be sustained for two reasons: (1) failure of the plaintiff to exhaust intra-union remedies, and (2) lack of a genuine material issue of fact. The defendant relies on Articles 30–33, commencing on page 49 of the International Constitution and Article 4, page 8 of the Local 1336, UAW Constitution, as grounds for summary judgment and dismissal of this action at this pre-trial stage. His reliance on these provisions is well founded. It is elementary to point out that where the parties accept benefits of collective bargaining agreements, they are consequently bound by its provisions, including those governing the adjudication of grievances. These referred-to provisions relative to grievances set out in precise terms the procedures and requirements for the handling of disputes and controversies of this nature. Even a cursory perusal of these provisions indicates clearly to the Court that the plaintiff did not exhaust the remedy available to him within the framework of the union and as required as a condition precedent to the alleged failure on its part to fairly represent him.

In the case of Bsharah v. Eltra Corp., C.A. 6, 394 F.2d 502 (1968), the employee was barred from recovering against the union by virtue of her failure to allege and show any effort to initiate her internal union remedy under the Constitution. The Court stated specifically:

"in sustaining the union's motion for summary judgment, the court held that, assuming the International Union owed a duty to protect appellant, she failed to allege or show any attempt to initiate her intra-union remedies prescribed by the constitution and by-laws of the International Union, and, in this holding, we concur."

In Harrington v. Chrysler Corp. and Local Union 412, UAW, D.C., 303 F.Supp. 495, the Court, in following Bsharah v. Eltra Corp., supra, held that, since there was no dispute as to the existence of arbitration and grievance procedures, the problem presented is how far must these procedures be pursued before one can seek recourse in this jurisdiction. The Court stated:

"It is well established that a union member must exhaust all extra-judicial procedures before there exists recourse to the courts."

■ Thus, it is apparent that the plaintiff Cecil was obligated to pursue the remedy provided for in the intra-union appeal procedure and where there was an absence of such compliance, this Court is without jurisdiction to entertain the complaint.

In Foley v. Chrysler Corp., Ind., (1971), 78 L.R.R.M. 2744, that Court likewise recognized the foregoing requirements and went further and rejected the contention that exhaustion of intra-union remedies is not required in cases based on tortious conduct, and in its opinion stated:

"As a matter of law, subject to exceptions, every available remedy within the labor organization must be exhausted by members before the aid of the courts can be invoked unless the attempt to resort to internal remedies would be futile or reasons are given for not doing so."

In the instant case the plaintiff has made no showing that his efforts would be futile or that he had other justifiable reasons for not pursuing his remedy.

From a close examination of the record in its entirety, it is obvious to the Court that summary relief should be granted in this case because of the absence of a genuine material issue of fact between the contesting parties. In the case of Dill v. Greyhound Corp., C.A. 6, 435 F.2d 231, our own Sixth Circuit stated:

"In order to establish unfair representation it would have been necessary for Dill to establish by a preponderance of the evidence that the Council acted arbitrarily or in bad faith."

**618**

(Citing Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370).

Further on in the opinion, the Court went on to add:

> "An action will not lie against a union for failure to process a grievance absent a showing of fraud, misrepresentation, bad faith, dishonesty of purpose or such gross mistake or inaction as to imply bad faith."

To the same effect, see the case of Balowski v. International Union, etc., UAW, C.A. 6, 372 F.2d 829, in an opinion by Judge Phillips, the Court recognized that the union was obligated to represent employees and to exercise fairly the powers conferred upon it in behalf of all those for whom it acted and without hostility or discrimination. However, the Court went on to point out:

> "Just as a union must be free to sift out wholly frivolous grievances which would only clog the grievance process, so it must be free to take a position on the not so frivolous disputes . . . to remove or gag the union in these cases would surely weaken the collective bargaining and grievance process." (Citing Humphrey v. Moore, supra).

In Louis v. Magna American Corp., C.A. 6, 82 L.R.R.M. 2559, the reviewing court affirmed the lower court's sustaining of summary judgment on behalf of the union. The Court said:

> "In this case the discharge was for cause under a proper shop rule. The union, therefore, in basing its refusal to proceed to arbitration on the validity of the company's discharge, did not act arbitrary or discriminatory. The employee did not have the right to require his union to pursue a meritless grievance to arbitration."

■ Based upon the facts established by the record in this case, this Court is impelled to the conclusion that (1) plaintiff failed to exhaust his intra-union remedy, and (2) the union acted within its discretion, and its decision was based upon a proper consideration of the merits of the plaintiff's case, and it did not

act in an arbitrary manner. Consequently, there is no genuine issue as to any material facts herein and the defendant is entitled to judgment as a matter of law.

The premises considered, the motion of the defendant for a summary judgment is hereby sustained.

Judgment to be entered accordingly.