Gerald H. **WHITMORE**, Plaintiff,

v.

**EASTERN GREYHOUND LINES (DIVISION OF GREYHOUND LINES, INC.),** a California corporation, and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Local 656, Defendants.

**Civ. A. No. 39446.**

United States District Court,
E. D. Michigan, S. D.
June 27, 1973.

Thomas Khederian, Detroit, Mich., for plaintiff.

Terrance K. Jolly, Jordan Rossen, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PHILIP PRATT, District Judge.

Plaintiff was employed by defendant Greyhound and was a member of defendant Local 656 for 23 years. Plaintiff filed this Section 301 civil action contending that he was wrongly discharged from employment by defendant Greyhound because of his refusal to disclose the names of other employees who were stealing from defendant Greyhound. Plaintiff also contends that the defendant Local breached its duty of fair representation since the negotiations between the defendants with respect to plaintiff's grievance were:

> "[S]purious, carried on in bad faith and deliberately designed to give plaintiff the false impression that a sincere effort was being made by defendant local union to resolve the grievance by securing plaintiff's reinstatement." Complaint at ¶ 9.

Plaintiff makes these contentions in spite of the fact that plaintiff acknowledges that the defendant Greyhound could discharge for cause under Article 6 of the collective bargaining agreement, that Article 4 of the collective bargaining agreement provides for a five-step grievance procedure, and that defendant Local carried his grievance to arbitration, the final step in the grievance procedure.

Defendant Local moves for summary judgment pursuant to Rule 56. Defendant Local argues that the processing of plaintiff's grievance through arbitration —especially in light of plaintiff's written confession that he stole the goods— does not amount to unfair representation by the union. Defendant Local also contends that plaintiff has not exhausted his internal union remedies. The affidavit of Beckham, Administrative Assistant to the President of the International Union, asserts that Articles 31–33 of the Constitution of the International Union permits a member to charge another member with improperly handling a grievance because of fraud, discrimination, or collusion with management. Beckham deposes that the records of the International Union does not reveal any complaint by plaintiff against an official of Local 656. The affidavit of Klein, Executive Director of the International Union's Public Review Board confirms that the plaintiff has never contacted the Public Review Board even though Article 33, Section 8(b) of the Constitution of the International Union permits review by the Public Review Board of a complaint alleging the mishandling of a grievance because of fraud, discrimination, or collusion with management.

Defendant Greyhound also moves for summary judgment. Defendant Greyhound contends that the plaintiff is bound by the adverse arbitration award. Attached to defendant Greyhound's answer is a copy of the arbitration award. That award first revealed that the employer and the collective bargaining agent agreed that one arbitrator should hear the grievance. The award next reveals that five union officials represented the interests of the plaintiff. The text of the award discloses that the arbitrator found it to be clear beyond a reasonable doubt that plaintiff did remove various items from his employer's garage and appropriated them to his own use. While noting that the defendant union argued for plaintiff's position with force, the arbitrator still determined that the penalty should stand since the plaintiff's testimony was not candid.

Also attached to defendant Greyhound's answer is a typed transcription of plaintiff's confession. (The affidavits of McDonell, Holland, and Green establish that the transcription of the statement is accurate.) That confession states that plaintiff did take and carry away certain goods. Plaintiff also acknowledged that he traded some of the em-

ployer's soap to settle his debts. Plaintiff finally conceded that he gave away a jacket that he had found on one of his employer's buses.

Plaintiff files an opposing affidavit to defendants' motions for summary judgment. Plaintiff swears that the items in his possession were either given to him, discarded by the employer, or held by him with his supervisor's permission. Plaintiff further alleges that he never signed the second paragraph of the confession and only signed the first paragraph of the confession so that the items found in his car could be returned to the employer. Plaintiff also deposes that he was not represented by the union since his union committeeman was only present for 15 minutes of the two hour meeting where defendant Greyhound initially accused plaintiff of stealing the items. Plaintiff next deposes that he never waived a 3-man board of arbitration for the resolution of his grievance. Plaintiff's affidavit finally acknowledges that the defendant Local sought to obtain reinstatement for the plaintiff on December 20, 1971, over seven months after the arbitrator's decision.

After having reviewed the cited law and the above facts, the Court determines that each defendant's motion for summary judgment must be granted pursuant to Rule 56(c). There is no genuine issue as to any material fact concerning plaintiff's claim against Local 656 and defendant Local 656 is entitled to judgment as a matter of law. There is also no genuine issue as to any material fact concerning plaintiff's claim against Greyhound and defendant Greyhound is entitled to judgment as a matter of law.

There are two doctrines that entitle defendant Greyhound to judgment as a matter of law. The first doctrine is the bar of the arbitration award. The Steelworkers Trilogy, 363 U.S. 564–602, 80 S.Ct. 1343–1363, 4 L.Ed.2d 1403–1431 (1960), establishes a national labor policy of final adjustment of grievances through the method selected by the employer and union in the collective bargaining agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), furthers this national labor policy by providing that an employee is precluded from a court suit against his employer unless the parties to the collective bargaining agreement expressly agreed that arbitration was not the exclusive remedy, 379 U.S. at 657–658, 85 S.Ct. 614. That policy of *Maddox* was reaffirmed in Vaca v. Sipes, 386 U.S. 171, 196, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Haynes v. United Pipe & Foundry Co., 362 F.2d 414 (5th Cir. 1966), after reviewing the underlying national labor policy espoused in the *Steelworkers Triology* and *Maddox*, resolves any doubts that *Maddox* mandates that the final decision reached under the collective bargaining grievance procedure bars an employee from suing his employer for breach of contract.

■ Article 4(e) of the present collective bargaining agreement makes clear that arbitration is to be the exclusive remedy. In light of this provision and the fact that plaintiff's discharge was processed as a grievance through arbitration the *Steelworkers Triology*, *Maddox* and *Haynes* dictate that plaintiff cannot relitigate his discharge. Accordingly, summary judgment must be granted in favor of defendant Greyhound.

■ The second doctrine that entitles the defendant Greyhound to summary judgment is that of the exhaustion of contractual remedies established by *Vaca*. *Vaca* determined that an employee may bring a Section 301 civil action against his employer when his union wrongfully refused to process his grievance, 386 U.S. at 185, 87 S.Ct. 903. As will be discussed shortly, defendant Local 656 properly processed plaintiff's grievance. *Vaca* therefore dictates that this employee be precluded from again litigating his grievance since the union did not breach its duty of fair representation.

■ *Vaca* also requires that summary judgment be granted defendant Local 656. *Vaca* determined that a union does not breach its duty of fair representation unless the union official is personally hostile to the employee or the union official processes the grievance in bad faith, 386 U.S. at 194–195, 87 S.Ct. 903. *Vaca* determined that such hostility and bad faith was not demonstrated when a union merely refused to take grievance to arbitration. The United States Court of Appeals for the Sixth Circuit made clear in Dill v. Greyhound Corp., 435 F.2d 231, 238 (6th Cir. 1970), that there is a distinct difference between union incompetence in handling a grievance and actual hostility, malice, or bad faith on the part of the union officials handling the grievance. The standard established by *Dill* was reaffirmed in Lewis v. Magna American Corporation, 472 F.2d 560 (6th Cir. 1972). *Lewis* also involved an employee who was discharged for theft. Unlike the present union, the union in *Lewis* refused to process the grievance to arbitration after learning of the employee's confession. Thus, it is against this stringent standard of actual hostility and bad faith that the present complaint must be measured.

The actions of the defendant Local hardly meet the standard of actual hostility and bad faith toward the employee required by *Vaca, Dill,* and *Lewis.* Unlike *Lewis,* the present union continued to process plaintiff's grievance to the final step of arbitration even after plaintiff made a written confession of the theft. Furthermore, the defendant union, as plaintiff concedes, attempted to have the plaintiff reinstated with defendant Greyhound even after the adverse arbitration award. This is hardly the personal hostility envisioned by *Vaca, Dill,* and *Lewis.*

■ Plaintiff attempts to preclude this finding of good faith by objecting to the defendant Local's handling of the arbitration proceeding. Plaintiff first objects to the union's waiver of a board of three arbitrators in favor of a single arbitrator. Article 4(e) of the collective bargaining agreement provides that two arbitrators, one chosen by the employer and one chosen by the union, shall initially endeavor to reach an agreement. If they cannot do so, they select a third arbitrator. Thus, Article 4(e) does not require that a board of arbitrators always be utilized to settle grievances. The defendant union at most only exercised bad judgment in waiving two arbitrators and utilizing one in this case. A review of the arbitrator's award, however, reveals that the union was not even guilty of misjudgment in waiving the use of two arbitrators.

The plaintiff next argues that the union representatives were not zealous in their presentation before the arbitrator. The award of the arbitrator notes that the union representatives argued with force. The union did not breach its duty of fair representation simply because it lost the grievance in arbitration. Thus, based upon the undisputed material facts, defendant Local 656 is entitled to judgment as a matter of law.

■ There is yet another reason why defendant Local 656 is entitled to judgment as a matter of law. Article 33 of the Constitution of the International Union provides that the Public Review Board of the International Union has jurisdiction of all cases alleging that a grievance was improperly handled because of fraud, discrimination, or collusion with management. The affidavits of Klein and Beckham reveal that plaintiff has not even attempted to exhaust the internal union remedies established for complaints of grievance mishandling. Bsharah v. Eltra Corp. (UAW), 394 F.2d 502 (6th Cir. 1968), however, provides that a member must exhaust his intraunion remedies before maintaining a civil action for breach of the duty of fair representation. The United States Court of Appeals for the Sixth Circuit recently affirmed the holding of *Bsharah* in See v. Local 417, UAW, 480 F.2d 926 (6th Cir., filed June 13, 1973). Furthermore, Cecil v. International Union, UAW, No. 7252–B (W.D.Ken., filed April, 1973), a case where an employee

discharged for theft claimed that the union breached its duty of fair representation by refusing to prosecute his grievance to arbitration, also held that a member must exhaust his internal union remedies before instituting a civil action for breach of the duty of fair representation. In light of *Bsharah, See,* and *Cecil,* and in light of the undisputed fact that plaintiff failed to exhaust his intra-union remedies, defendant Local is once again entitled to judgment as a matter of law.

In view of the above, defendant Greyhound's motion for summary judgment is granted and defendant Local 656's motion for summary judgment is granted.

It is so ordered.