Walter SHEPHERD, Plaintiff,

v.

CHRYSLER CORPORATION, a corporation, and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, Defendants.

Civ. A. No. 75–71013.

United States District Court, E. D. Michigan, S. D.

June 7, 1977.

---

Ronald M. Barron, Troy, Mich., for plaintiff.

A. William Rolf, Chrysler Corp.; Ann M. Trebilcock, UAW, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

GUBOW, District Judge.

The court has before it four motions: motions brought by both Chrysler Corporation and the UAW for summary judgment, and plaintiff's motions to amend the complaint and add a party defendant (the plaintiff's local union). Responses to the motions were entered and oral argument had.

## I. FACTS

This is an action brought under 29 U.S.C. § 185, against the UAW for breach of its duty of fair representation and against Chrysler for breach of the collective bargaining contract.

For purposes of deciding defendants' motions for summary judgment, the facts set forth in plaintiff's complaint and affidavits will be accepted as true. *See Day v. UAW, Local 36*, 466 F.2d 83, 86–87 (6th Cir. 1972). Plaintiff was employed at Chrysler since 1968. On July 9, 1973, while driving the company's car on his delivery route, he became annoyed by a rattling noise in the trunk. Being only a few blocks away, plaintiff went home to fix the noise. While in the process of removing and reinserting the spare tire, the police arrested him for stealing the tire from the company car.

Chrysler suspended plaintiff pending a court hearing on the theft. The charges were dismissed because the evidence was illegally seized but, on July 12, 1973, the suspension was made permanent and plaintiff was terminated. He was notified of the termination by telegram from Chrysler.

Plaintiff immediately filed a grievance seeking reinstatement. The grievance was not solved at the local level and went into the hands of the UAW's international representative, Mr. James Cichocki. Plaintiff unsuccessfully attempted to contact Mr. Cichocki on numerous occasions; Mr. Cichocki never contacted plaintiff. Mr. Cichocki's affidavit, however, says that he did speak with plaintiff once and told him his appeal before the Appeal Board was being processed, but was not yet ready for disposition. Cichocki Affidavit at 5 (July 30, 1975). Mr. Cichocki, based on his experience in cases similar to plaintiff's decided to withdraw the appeal without prejudice. There is confusion over when the appeal was withdrawn, *compare* Cichocki Affidavit at 5 (July 30, 1975) ("On January 15, 1974, [Shepherd's grievance] was . . . withdrawn without prejudice . . . ."), *with* Miner Affidavit at 3 (Aug. 11, 1975) (Shepherd's "grievance was withdrawn by the UAW on October 1974 and not pursued further."), but, for purposes of this motion, it can be assumed that, by the time plaintiff discovered his appeal had been withdrawn,

the ninety day period allowed to reinstate a grievance had expired, see Agreement ¶ 29(b) (Jan. 20, 1971). Plaintiff was told by his local union that there was nothing further that could be done for him. He never made any attempts to exhaust his remedies under the international union's constitution.

Offering possible motives by the company for making the discharge permanent, plaintiff says that he was singled out as a ringleader of a wildcat strike back in 1970 or 1971. Although he was not a ringleader, he was forced to sign a document under the threat of discharge. He does not indicate what the document said. Plaintiff also points out that he is a friend of an employee viewed as a plant "radical". Plaintiff gives no other details about this association, but does say that his local union president, Mr. Reynolds, said that "he, [Mr. Reynolds], was in touch with the international union (defendant) and one of the reasons this mess [apparently referring to his grievance] was not cleared up six months ago was because of said friendship." Shepherd Affidavit ¶ 11 (Dec. 13, 1976).

Upon finding his grievance withdrawn, plaintiff went to an attorney. His attorney, Mr. Dozorc, then contacted Mr. Reynolds who told him, as paraphrased in Mr. Dozorc's affidavit, that

> the grievance had gone to the international and had been returned, that the grievance procedure had been exhausted and that there was nothing else that could be done through the union.

Dozorc Affidavit ¶ 3 (Dec. 13, 1975). Plaintiff and his attorney took this to mean that all avenues of appeal had been exhausted. This lawsuit was then filed.

## II. THE MOTIONS FOR SUMMARY JUDGMENT

The UAW argues that the plaintiff has failed to state a claim for breach of the union's duty of fair representation and failed to exhaust intraunion remedies. Chrysler makes the same arguments and also argues that plaintiff failed to exhaust remedies under the collective bargaining contract.

■ The argument that plaintiff has failed to exhaust his contract remedies is without merit. Plaintiff's sworn statement that "by the time I discovered that my grievance had been withdrawn it was past ninety days and I could not have it reinstated", Shepherd Affidavit ¶ 15 (Dec. 13, 1976), justifies his failure to exhaust contract remedies. *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), but it does not justify his failure to exhaust internal UAW remedies.

It has been held that the union must show that there was a procedure available to plaintiff reasonably calculated to redress the particular grievance complained of. *Yeager v. C. Schmidt*, 343 F.Supp. 927, 929 (E.D.Pa.1972), citing *Fruit & Vegetable Packers Local 760 v. Morley*, 378 F.2d 738, 745 (9th Cir. 1967). The procedure recommended by the UAW is contained in articles 32 and 33 of the UAW's constitution. Beckham Supplemental Affidavit at 1 (Jan. 11, 1977). Whether or not plaintiff could have availed himself of this procedure is unclear. The UAW's International Executive Board has the authority to make a person whole for injury caused by an administrative arm of the international. UAW Constitution, art. 12, § 7 (June, 1974). Appeals from decisions of the international must be taken pursuant to article 33, section 6. UAW Constitution art. 12, § 17. Section 6 of article 33 provides that "[a]ny member wishing to appeal . . . shall do so in writing within thirty (30) days after the aforesaid action, decision or penalty." At this point, the plaintiff argues that he is closed out from any appeal because the thirty-day period during which such an appeal must be taken had expired through no fault of his own. The UAW contends, however, that plaintiff made no effort at all to avail himself of his internal UAW remedies and that, if he had made an effort, the running of the thirty-day period may have been waived.

While it is true that article 33, section 1, allows the international president to waive certain requirements for an appeal if peti-

tioned in writing, the wording of that section does not easily lend itself to the conclusion that the thirty-day period could be waived. Rather, it appears to speak to waiver of compliance with the previous body's ruling during the pendency of the appeal. Whatever the case, however, the defendants' argument that plaintiff is barred from bringing this action because he failed to exhaust internal UAW remedies appears too close to be the basis of dismissal here. Another, more clear, ground exists to dismiss the defendants from this case.

Plaintiff has failed to state a claim upon which relief can be granted. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). In this case, plaintiff is essentially claiming that the union breached its duty when it withdrew his grievance from the Appeal Board without notifying him. Plaintiff's grievance went through the local union without being settled; the international has discretion to bring a grievance or to drop it after a determination of its merits. *See* Agreement ¶ 26(a) (Jan. 20, 1971).

Union officials have a wide range of reasonableness in dealing with discretionary appeals under the grievance procedure and union members do not have a right to have these appeals heard. *See Ford Motor Co. v. Huffman*, 345 U.S. 330, 337–38, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). The affidavit of Mr. Cichocki states that he considered the merits of plaintiff's appeal and found it to be unmeritorious in light of the Appeal Board's prior rulings in similar cases. Cichocki Affidavit at 5 (July 30, 1975). Under these circumstances, the UAW cannot be said to have acted in bad faith, discriminatorily, or arbitrarily when it decided to withdraw the appeal.

Plaintiff argues that the Sixth Circuit's decision in *Day v. UAW Local 36*, 466 F.2d 83 (6th Cir. 1972), is controlling in this case. The court disagrees. In *Day*, although the facts are somewhat similar to this case, some crucial distinctions arise. Day had allegedly been told by a company represent-

ative that he would be reinstated on exoneration of a criminal charge pending against him. When he was exonerated, the company refused to reinstate. Day filed a grievance and the grievance was withdrawn by the local union. The Sixth Circuit held that Day was given an improper disciplinary discharge because he had done nothing to warrant discipline, that he must be discharged for cause, and there was no evidence that the union officials who withdrew his grievance considered its merits. In this case, plaintiff had a poor attendance record and violated a company rule when he went home to fix the rattling noise. Miner Affidavit at 3 (Aug. 11, 1975). This makes the instant case more similar to *Lewis v. Magna Am. Corp.*, 472 F.2d 560 (6th Cir. 1972), in which the Sixth Circuit held that discharge of the plaintiff was for cause under a shop rule (theft of company property) and the union properly based its refusal to proceed to arbitration on the "validity of the company's discharge . . . . [t]he employee did not have a right to require his union to pursue a meritless grievance to arbitration." 472 F.2d at 561.

The explanations offered by plaintiff in his affidavits as to why the union withdrew his grievance, for the most part, relate to the local union, not the international. Only a rather vague hearsay statement of Mr. Reynolds, the local union president, that the international was aware of plaintiff's friendship with the alleged "radical" appears. This type of evidence in an affidavit cannot be considered. 6 J. Moore & J. Wicker, *Moore's Federal Practice* ¶ 56.22[1], at 56–1323 to –1324 (2d ed. 1976). Furthermore, it does not present specific facts that would go to the issue of bad faith or discrimination.

The motions for summary judgment brought by both Chrysler and the UAW must be granted and the case dismissed. Since the plaintiff has not stated a cause of action against the union, the action against the company must be dismissed as well. *See Brookins v. Chrysler Corp.*, 381 F.Supp. 563, 567–69 (E.D.Mich.1974).

## III. THE MOTIONS TO AMEND AND ADD A PARTY

The plaintiff has brought a motion to amend its complaint to reflect the facts

stated in plaintiff's second affidavit, and a motion to add the local union as a party defendant.

■ The motion to amend the complaint to reflect more facts is unnecessary and should be denied. The court has already ruled that the complaint, even when read in conjunction with plaintiff's affidavits, has failed to state a cause of action against the defendants. Amendments to the complaint would, therefore, be fruitless.

■ The motion to add the local union must also be denied. Although several statements in both plaintiff's affidavit and the affidavit of his initial attorney, Mr. Dozorc, were asserted to raise factual issues in the face of the motions for summary judgment and to raise questions about the liability of the local union for breach of the duty of fair representation, the court is of the opinion that allowing the addition of the local union would be useless.

At the oral hearing on these motions, plaintiff's counsel insisted that the local union president, Mr. Reynolds, made several misrepresentations to both plaintiff and Mr. Dozorc because he told them to "file the lawsuit because there was nothing further the union could do". In none of the affidavits does Mr. Reynolds advise the plaintiff or Mr. Dozorc to file a lawsuit. The only similar statement attributed to him is one in which he indicates that "there was nothing else that could be done through the union". Dozorc Affidavit ¶ 3 (Dec. 13, 1976). Not only are these statements hearsay that could not be testified to in court, but they fail to give a recognizable excuse for plaintiff's failure to exhaust remedies under the UAW Constitution vis-à-vis the local union.

Plaintiff took no action at all to bring this matter before his local union. Unlike the uncertain nature of plaintiff's remedy against the international union, plaintiff had a clear avenue in which to proceed against the local in article 33 of the UAW Constitution. Section 2 of that article provides:

Any member of any Local Union . . who wishes to challenge any action, deci-

sion or penalty of that body . . . must, in all cases and procedures where no other time limit is specifically set forth by this Constitution, initiate the challenge before the appropriate body of such Local Union . . . within sixty (60) days of the time the challenger first becomes aware or reasonably should have become aware of the alleged action, decision or penalty of that body.

Unlike plaintiff's action against the international union, action via the internal appeal procedure of the UAW against the local union was available for at least sixty days from the day he learned of the union's failure to process his grievance further. Thus, plaintiff has failed to exhaust his remedies against the local union and cannot now seek to add the local as a party defendant.

Plaintiff's motions to amend and to add the local union are denied.

## IV. CONCLUSION

For the foregoing reasons, the defendants' motions for summary judgment must be granted and the plaintiff's motions to amend and to add the local union must be denied.