**Antonio A. RUGGIRELLO, Plaintiff,**

v.

**FORD MOTOR COMPANY and International Union, United Automotive, Aerospace & Agricultural Implement Workers of America—UAW, Local 900, UAW International, Defendants.**

Civ. A. No. 5–70374.

United States District Court,
E. D. Michigan, S. D.

March 29, 1976.

James E. McCarthy, Plymouth, Mich., for plaintiff.

Douglas E. Cutler, Donald J. Clark, Dearborn, Mich., Edwin G. Fabré, UAW–Asst. Gen. Counsel, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is a suit for breach of a collective bargaining agreement under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, by an employee who claims he was wrongfully terminated as a "10-day quit." The case is before the court now on a motion for summary judgment by the defendants international and local unions.[1] They argue that judgment must be entered for them because the plaintiff failed to show that they breached the duty of fair representation and also failed to exhaust the mandatory union appeals procedure. As set forth more fully below, the court holds that the plaintiff does show facts that make out a claim of unfair representation, but that the circumstances of the case require further resort to the union's appeals procedure.

Ruggirello claims that he was terminated while on a valid medical leave of absence, but the merits of his grievance against Ford Motor Company are not now before the court. For the purposes of this motion, it suffices to note that on November 12, 1973, he reported back to work after an absence of more than 2 months, and learned that he had been terminated on October 17, 1973. He went immediately to his local union to file a grievance. He was told by his committeeman, however, that the termination was a mistake and that the union would file the appropriate documents to have him reinstated with back pay. Although he had a contractual right to file a first stage grievance personally, without the intervention of the union, he relied on the representation made by his committeeman that the union would initiate the grievance procedure in his behalf. Despite continued efforts to determine the status of his grievance, in early

---

1. The record on this motion consists of the complaint and attachments, including transcripts of certain proceedings before the Michigan Employment Security Commission, a letter from Jordan Rossen to James McCarthy, affidavits by McCarthy, Dale, Beckham, Klein, and Brown, the 1972 UAW Constitution, and the collective bargaining agreement between the UAW and Ford Motor Company dated December 7, 1970.

May, 1974 he learned that local officials had never attempted to resolve his grievance by more than informal means, and that the contractually required written grievance had never been filed.

He reacted to this news by contacting an attorney. In response to inquiries by the attorney, an official of the international union confided that it "was having a lot of problems with this particular Local," and that the local had "screwed up" the processing of Ruggirello's grievance. A grievance was filed that day, but it was rejected by the employer on the grounds that the termination was justified and that the grievance was untimely. The union did not appeal. Instead of turning to the union's appeal procedure for redress against his local union, Ruggirello commenced this lawsuit.

## I. *The Duty of Fair Representation*

The allegations of the complaint, supported by affidavit, are not refuted, and they must be accepted as true for the purposes of this motion for summary judgment. Instead of contesting the facts, the union claims that the facts fail to meet the legal standards for proof of a breach of the duty of fair representation.

■ Proof of unfair representation requires "a showing that 'a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.' *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967)." *Ruzicka v. General Motors Corporation*, 523 F.2d 306, 309 (6th Cir. 1975). The Sixth Circuit, in *Ruzicka*, squarely rejected the argument that bad faith is an essential element of an unfair representation claim. It held that the negligent handling of a claim amounts to unfair representation. In that case, the local filed the grievance,

but, without determining that the grievance lacked merit, it failed to file a "notice of unadjusted grievance" that was necessary to invoke arbitration. The court wrote:

"[W]hen a union makes no decision as to the merit of an individual's grievance but merely allows it to expire by negligently failing to take a basic and required step towards resolving it, the union has acted arbitrarily and is liable for a breach of its duty of fair representation.

\*    \*    \*    \*    \*    \*

"Such negligent handling of the grievance, unrelated as it was to the merits of Appellant's case, amounts to unfair representation. It is a clear example of arbitrary and perfunctory handling of a grievance." 523 F.2d at 310.

Judge McCree, concurring separately, believed that:

"[C]ourts should not try to determine whether, in fulfilling its duty of fair representation, a union has adopted the tactic best suited to the needs of an aggrieved employee.

"Nevertheless, I believe that a total failure to act, whether negligent or intentional, except for a proper reason, is behavior so egregious that, as in the case of bad faith, hostile discrimination, arbitrariness, or perfunctoriness, the union should be held responsible." 523 F.2d at 316.

This case is governed by the principles set forth in *Ruzicka*. The local union here informed Ruggirello that his grievance was meritorious and that the union would support him. If a union breaches its duty of fair representation in failing to process a grievance before determining its merit, it is certainly liable for failing to initiate a grievance after acknowledging its merit.[2] Ruggirello has stated a claim against the local union,

---

2. *See also Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 569, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231, 244 (1976) ("[In *Vaca*] 'the Union might well have breached its duty had it ignored [the employee's] complaint or had it processed the grievance in a perfunctory man-

ner' "). *But cf. Whitten v. Anchor Motor Freight, Inc.*, 521 F.2d 1335 (6th Cir. 1975) (no breach of duty for negligence or poor judgment after union has determined that grievance lacks merit).

and summary judgment will not be granted for it on this basis.[3]

## II. *Exhaustion of Union Appeals Procedure*

The 1972 UAW constitution set forth a detailed and mandatory procedure for the internal union disposition of complaints by union members against their unions' handling of their grievances. Article 33, § 2 requires that:

> "Any member of any Local Union or unit of an Amalgamated Local Union who wishes to challenge any action, decision or penalty of that body or of any official or representative of that body must . . . initiate the challenge before the appropriate body of such Local Union or unit . . ."

If the union member is dissatisfied with the local union's disposition of his appeal, he or she must then appeal to the International Union President, for possible referral to the UAW's International Executive Board. Art. 33, §§ 6, 7. Decisions of the International Executive Board must be appealed to the Constitutional Convention Appeals Committee, art. 33, § 8, or, alternatively in specified cases, to the Public Review Board, art. 33, ¶ 4. Cases that are appealable to the Public Review Board include those involving allegations that a grievance "was improperly handled because of fraud, discrimination, or collusion with management." Art. 33, § 8(b).

Ruggirello failed to follow any of these steps before filing this civil action. His explanation is that an official of the international union and two UAW attorneys advised his attorney that even a successful union appeal could not win for him the monetary relief he desired. His attorney states by affidavit that he

> "reviewed Articles 32 and 33 and informed [the union representatives] that my reading of these articles indicated that it only constituted disciplinary actions against the Officers of the Union and that the Plaintiff could

not get any damages. They agreed that that was the interpretation one would get from the reading of the articles, but, they never did inform the deponent that Plaintiff could receive any damages. In fact, *the only thing of substance that they kept repeating to the deponent was that you can not collect any damages from the Union even if the Union is wrong.*" (Emphasis added.)

The unions do not challenge this affidavit. Rather, they submit opposing affidavits establishing that Ruggirello did not exhaust his internal appeals and incorporate as evidence of his constructive notice of his internal appeal rights an article from "Solidarity" that was presumably mailed to him. In a letter to Ruggirello's attorney, a UAW attorney wrote:

> "Under *Vaca v. Sipes*, a union, even if guilty of unfair representation, which does not appear to be the case here, is not liable for damages to the member-employee, except insofar as those damages are above the damages caused by the Company. Most cases have held that such damages equal zero. In other words, the Union, even if wrong, is not jointly and severally liable with the employer."

This letter, which apparently addresses union liability in a civil action under section 301, does not go so far as to suggest that the international union would not under any circumstances award one of its members damages against a local union. However, it does not contradict plaintiff's affidavit and in fact lends some support to it.

Ruggirello argues that the union should be estopped from asserting a defense based on the internal exhaustion rule because he relied on misrepresentations by union attorneys and officials about the adequacy of relief available from the union. It is possible that an innocent misunderstanding is all that was involved; but it is equally possible

---

**3.** For reasons set forth below, summary judgment against the international also cannot be granted. See note 4 *infra* & accompanying text.

that deliberate deception was involved. In considering this motion for summary judgment, plaintiff's unopposed affidavits will be accepted as true.[4]

The union in its brief argues vigorously that there are internal procedures available to plaintiff and that its internal appeals process can in fact award Ruggirello the full monetary relief he wants. However, it does not deny having represented otherwise to Ruggirello's attorney. Furthermore, the union constitution itself does not clearly indicate that monetary relief is available. Although it was of course within the realm of possibility that Ruggirello or his attorney could have discovered by their own efforts the true scope of relief available from the UAW's sophisticated internal appeals process, it was not unreasonable for them to have relied on advice from union representatives on a question that was not clearly answered by the union constitution.

■ Exhaustion of internal remedies is a prerequisite to a civil action under section 301. *Bsharah v. Eltra Corp.*, 394 F.2d 502 (6th Cir. 1968). There are exceptions to the rule, however, if exhaustion would be futile, *Glover v. St. Louis-San Francisco Railway Company*, 393 U.S. 324, 330–31, 89 S.Ct. 548, 552, 21 L.Ed.2d 519, 524 (1969); *Retana v. Apartment, Motel, Hotel, and Elevator Operators Union, Local 14*, 453 F.2d 1018, 1027–28 (9th Cir. 1972), would result in oppressive delay, *Ruzicka, supra,*

at 311–12, or if principles of estoppel apply, *Day v. UAW, Local 36*, 466 F.2d 83 (6th Cir. 1972).

■ The court believes that a union must be estopped from asserting an exhaustion defense when the grievant's failure to exhaust is caused by misrepresentations made by union officials. *Day, supra. But see Newgent v. Modine Manufacturing Company*, 495 F.2d 919, 928 (7th Cir. 1974).

In this case, counsel for the union assert that resort to the union's appeals procedure in fact would not have been futile, because the union does have the capacity to provide the monetary relief that Ruggirello seeks. It is also possible that article 33, § 8(b) of the 1972 UAW Constitution would be interpreted in light of this circuit's recent decision in *Ruzicka*, to allow relief for union negligence, such as Ruggirello has alleged.

■ Since resolution of this dispute by resort to the union's own appeals procedure is possible, and since such resolution of employee grievances is preferable to judicial resolution,[5] the unions are hereby ordered to process as timely Ruggirello's complaint about the handling of his grievance as an internal union appeal. This court will retain and exercise jurisdiction in the event that Ruggirello's claims are not settled by these means. The motion for summary judgment is denied.

So ordered.

---

4. As this affidavit also shows facts from which hostile discrimination by the international against Ruggirello may be inferred, summary judgment cannot be entered against Ruggirello for failure to state a claim against the international.

5. There is a strong public interest in resolving grievances quickly, "without the delay inherent in the judicial process and with the aid of persons experienced at resolving member-union conflicts short of a full-blown judicial proceeding." *Ruzicka, supra*, at 312.