Meredith T. RICHARDSON et al.

v.

NATIONAL POST OFFICE MAIL HANDLERS, etc., et al.

Civ. A. No. 76–0540–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 8, 1977.

---

See also, D.C., 442 F.Supp. 193.

Thomas J. Manley, Richmond, Va., for plaintiffs.

Phillis Payne, Washington, D. C., Alvin Fox, Newport News, Va., Robert P. Geary, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

Plaintiff filed his complaint in the above styled action 16 November 1976 alleging that defendant Union had committed certain acts which were in violation of both defendant Union's constitution and federal laws. Plaintiff in his complaint admitted that he had not formally exhausted internal union remedies. He alleged that there simply were no union remedies available. Defendants moved to dismiss the complaint for failure to exhaust. Instead of granting defendants' motion, the Court stayed all proceedings for a period of four months commencing 25 January 1977 during which time the plaintiff was to pursue the defendant Union's remedy procedure, if any.

Plaintiff sought internal remedies during the four month period and the matter is now before the Court on defendants' motion of 27 May 1977 for summary judgment. As both the plaintiff's responsive brief and defendants' rebuttal brief have been timely filed, the matter is ripe for disposition.

## I

Defendants first argue that under 29 U.S.C. § 411(a)(4)[1] the Court lacked jurisdiction over the subject matter of the complaint *ab initio*. Defendants argue that there is no material issue regarding plaintiff's allegation that internal remedies were unavailable. The defendants allege that internal remedies have at all times been available and that this is undisputed. Defendants contend that plaintiff was obligated to utilize them *prior* to invoking the jurisdiction of this Court. Failure to do so, defendants argue, should compel dismissal.

This the Court cannot agree with. Failure to exhaust union remedies prior to filing suit is not jurisdictionally fatal where plaintiff alleges futility *and* the action is stayed by the Court to allow plaintiff to attempt to exhaust and plaintiff does so. In *N. L. R. B. v. Shipbuilding Local 22,* 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968), the Supreme Court discussed the limits of Section 411(a)(4). In its analysis, the High Court stated the following:

We conclude that "may be required" is not a grant of authority to unions more firmly to police their members but a statement of policy that the public tribunals whose aid is invoked may in their discretion stay their hands for four months, while the aggrieved person seeks relief within the union. We read it, in other words, as installing in this labor field a regime comparable to that which prevails in other areas of law before the federal courts, which often stay their hands while a litigant seeks administrative relief before the appropriate agency. [391 U.S. at 426, 88 S.Ct. at 1723].

The District of Columbia Circuit Court in *Roberts v. N. L. R. B.,* 121 U.S.App.D.C. 297, 350 F.2d 427 (1965) discussed the above statute and stated the following:

The proviso does authorize indeed it may require, the agency or court to which the member comes for relief to withhold the exercise of its authority for four months if reasonable internal procedures are available and are not earlier exhausted in deference to the congressional desire that a solution be reached by means other than at the hands of public authorities.

In *Murphy v. IBT,* 56 L.R.R.M. 2885, 2886 (W.D.Ky.1964), the district court, in holding that a motion to dismiss for failure to exhaust involves the exercise of the court's discretion, held the action in abeyance in its then present status for a period not exceeding four months during which time the plaintiff was to exhaust his internal union remedies. See also *Ruggirello v. Ford Motor Company,* 411 F.Supp. 758 (E.D.Mich. 1976).

The fact that with an action pending defendants afforded plaintiff a vehicle to air his complaint neither proves nor disproves that the remedies existed prior to the pendency of the action. It simply makes the question immaterial. The case now has the posture it would have had had the internal remedies been sought and provided prior to the filing of the complaint. Thus, proceeding now to a hearing in this Court does not, in itself, "undermine the concept of union self government."

## II

Continuing with the jurisdictional argument, defendants contend that the Union constitution compels the dismissal of the complaint since it requires exhaustion *before* a member proceeds into court. The defendants point out that Article XV of the

1. Section 411(a)(4) provides in part:
   No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officers thereof . . . . .

National Mail Handlers' Constitution expressly so provides. Such a requirement, however, cannot alter or affect plaintiff's rights to resort to court under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et. seq.*, providing he meets the law's prerequisites, which plaintiff has now done.

In *Eisman v. Joint Board of Clothing Workers,* 82 L.R.R.M. 2117 (D.Md.1972), the district court was confronted with an identical argument by defendant union that the case should be dismissed because of the plaintiff's failure to comply with the union constitution, which required that union members exhaust all internal remedies before instituting court action. In its holding, the court stated the following:

> As to defendants' motion for summary judgment regarding plaintiff's failure to exhaust his remedy of appeal to Amalgamated, we feel that this must also be denied. Although it is true that Article XII, Section 5 of Amalgamated's constitution requires that before any union member can institute any action in any court against any union body he must first exhaust all internal remedies of trial and appeal, it must also be recognized that this constitutional provision is subordinate to the mandate of § 411(a)(4) of Title 29 which provides in pertinent part that a labor union cannot limit the right of a member to institute a court action. . . . [82 L.R.R.M. at 2120].

### III

■ Defendants next argue that the complaint must be dismissed because the award in the internal grievance procedure has rendered the claims moot. The plaintiff charged the defendant Union at the internal hearing with the following: (1) raising dues in 1975 without a secret ballot; (2) failure to hold meetings; (3) failure to give plaintiff LMRDA rights to inspect the books; and (4) failure to conduct proper election of officers in 1975.

Regarding these charges, the hearing officer held the following: (1) a dues referendum must promptly be held to "ratify" the dues increase; (2) the Union must hold membership meetings at least nine times a year with minutes of the executive board read to the membership; and (3) plaintiff must be permitted to examine defendant Union's books, records, and documents for the years 1973–74 in order to verify the LMRDA reports. As to (4), defendants contend that this is a Title IV complaint under the exclusive jurisdiction of the Secretary of Labor, citing *Calhoon v. Harvey,* 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964) as authority.

In view of the award, the defendants contend that as to those alleged violations set forth above and presented by the plaintiff at the internal hearing, the ameliorative processes of the Union have rendered the controversy moot and any violations which allegedly took place in the past have been cured by the plaintiff's resort to his internal remedies. Plaintiff argues that despite the internal hearing, the following claims remain unresolved: (1) access to 1975 LMRDA reports; (2) access to union membership list; (3) damages for failure to hold meetings; (4) relief on allegation of failure to process contract grievances; and (5) wrongfully withholding illegally collected dues.

No matter how sincere (or insincere) the efforts of the parties to resolve the denial of membership rights, plaintiff alleges that they have not been properly resolved whereas defendants argue they were. This sounds like a lawsuit.

### IV

■ Further, the defendants argue that even assuming arguendo the complaint is not moot, the Court need not and should not inquire further if it is shown that plaintiff got a fair hearing under the procedural rules of *International Brotherhood of Boilermakers v. Hardeman,* 401 U.S. 233, 91 S.Ct. 609, 28 L.Ed.2d 10 (1971).

The defendants quote *Hardeman* as saying judicial review is limited to a determination that the prevailing party presented "some evidence" to support the charges.

Defendants point out that *Lewis v. AFSCME*, 407 F.2d 1185 (3rd Cir. 1969) noted that the more stringent "substantial evidence" test applicable to legislation such as the Wagner Act, certain areas of the Administrative Procedure Act, and the LMRDA of 1947 is not applicable to internal union disciplinary proceedings. *Lewis* held that the court need only find the following in order to uphold a disciplinary decision: (1) the union's findings were "not without any foundation in the evidence;" (2) the proof adduced related to appropriate charges; and (3) procedural due process was observed. If the above test is satisfied, *Lewis* holds that the Court has no authority to enter into an evidence-weighing process and hence may not substitute its judgment for that of the union tribunal.

The Court concludes that *Hardeman* involved disciplinary action against a member for hitting a union business manager. No violation of the LMRDA was involved. The case at bar is easily distinguishable as *Hardeman* involved an internal union dispute. The instant case, however, involves instead a deprivation of congressionally mandated rights. *Cf., Alexander v. Gardner Denver Co.,* 415 U.S. 36, 48–49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

In discussing the reasons for applying the lower scrutiny test to internal union disciplinary proceedings, the court in *Lewis* stated that such hearings generally have little impact beyond the organization itself. "By their very nature they have no significance as precedent, in any legal sense of the word; they involve matters of organizational discipline, essentially internal in concept and effect." 407 F.2d at 1191. Such was the case in *Lewis* as well as in *Hardeman*. Here we are involved with much more than "matters of organizational discipline, essentially internal in concept and effect."

Plaintiff argues that the hearing was procedurally defective and the relief was simply a minimal concession in order to avoid liability in federal court. The Court need not and does not decide this issue of fact for purposes of ruling on the motion now before it. Plaintiff's assertions and defendants' denials present a disputed issue.

The defendants' claim that the Union had the right to work out "internal problems among themselves" is not entirely accurate. Union health and well being is a national, not merely an internal, concern. This consideration was the express reason for Congress' passage of the LMRDA. Although union well-being is of external concern, even so it can arguably best be handled internally. But when federal statutory rights are violated as here alleged and inferentially conceded, then this Court cannot shirk its duty to apply the law.

In pressing for the exclusivity of internal remedies, the defendants refer to the Union as a "family." Though a family may settle its differences concerning the murder of one brother by another, the State in which the crime occurred nevertheless is concerned with the violation of its laws. So here, though union members sought to settle the complaint, a federal law was involved and federal rights must always be subject to final vindication in federal court. Indeed, a union's internal remedy even with "a full panoply of procedural protections" does not oust the Court's duty to hear and decide complaints of denial of federally protected rights. *Wood v. Dennis,* 489 F.2d 849, 853–854 (7th Cir. 1973); *Grand Lodge of International Ass'n of Machinists v. King,* 335 F.2d 340, 345 (9th Cir. 1964).

Defendants' argument that if plaintiff is not satisfied with the Union he can leave it begs the question. He has a right to belong to the Union and he has rights under federal law as a member.

The exhaustion requirement of the Act is intended both to resolve disputes within the Union, thus rendering the suit moot, and to foster union democracy. *Detroy v. American Guild of Variety Artists,* 286 F.2d 75, 79 (2nd Cir. 1961). But where, as here, the dispute was not resolved the right of action continues.

An appropriate order shall issue.