103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert DARDEN, Plaintiff-Appellant,
v.
LOCAL 247, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Defendant-Appellee.
 No. 95-1453.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1996.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Robert Darden, appeals a judgment for defendant, Local 247, International Brotherhood of Teamsters ("Local Union"), in this action claiming a breach of the duty of fair representation. The district court granted summary judgment for Local Union because of an untimely filing of the complaint in the district court. We affirm.
 
 
 2
 Darden was employed by Walcon Corporation and was a member of Local Union. He was the only person in his bargaining unit. Under Darden's employment contract, negotiated by Local Union in April 1992, Walcon was to pay pension benefits on behalf of Darden to Central States Southeast and Southwest Areas Health and Welfare Pension Funds ("Central States").
 
 
 3
 Local Union sent Walcon a pension participation agreement form on which Walcon noted that coverage was for Darden. In November 1992, Central States wrote Local Union that the agreement was unacceptable because it covered a named employee instead of a classification of employees. In February 1993, Central States notified Local Union that the decision not to accept the agreement would be referred to the Central States Board of Trustees. In March 1993, Central States notified Local Union that Darden's bargaining unit would be terminated on May 1, 1993 if an acceptable agreement was not received by that date. By a letter dated April 1, 1993, Darden was informed of this possible termination.
 
 
 4
 Local Union claims that it sent a letter to Walcon on May 6, 1993 requesting that an acceptable agreement be signed. Walcon representatives claim that this letter was never received. By means of a letter dated August 11, 1993, Central States informed Darden that his participation in the fund was terminated on August 7, 1993 because no acceptable participation agreement had been received.[1] The letter listed a telephone number at which Darden could telephone Central States for more information. Copies of this letter were sent to Local Union and Walcon.
 
 
 5
 On August 13, 1993, Walcon's plant closed and Darden's employment was terminated. Darden then began receiving pension benefits. On March 28, 1994, Darden filed this suit alleging that he is entitled to more pension benefits.
 
 I. Standard of Review
 
 6
 This court reviews an order granting summary judgment de novo. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The court must view the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 II. Darden's Action Was Not Timely Filed
 
 7
 Darden alleges that Local Union violated the duty of fair representation. The six-month statute of limitations of 29 U.S.C. § 160(b) is applicable to such claims. DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 165 (1983). "This six-month time period accrues from the date that the plaintiff 'discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.' " Nida v. Plant Protection Ass'n Nat'l, 7 F.3d 522, 525 (6th Cir.1993) (citing Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985)). Darden alleges that Local Union violated its duty of fair representation by failing to adequately represent his interests in negotiations with Walcon regarding his pension benefits. Because Darden's complaint was filed on March 28, 1994, this action is time-barred if Darden's cause of action accrued before September 28, 1993.
 
 
 8
 The district court held that Darden's cause of action accrued on August 11, 1993. By letter of that date, Central States informed Darden that his participation in the Fund was terminated on August 7, 1993 because no acceptable participation agreement had been received. As that letter unequivocally stated that Walcon and the Local Union had failed to procure continued pension benefits for Darden, "in the exercise of reasonable diligence [he] should have discovered[ ] the acts constituting the alleged" breach of the duty of fair representation.
 
 
 9
 Relying on Nida, Darden contends that his cause of action did not accrue upon receipt of that letter because it did not make him aware of the consequences of the termination of his participation in the Central States Fund. In Nida, the filing of a claim for breach of the duty of fair representation was deemed timely when it was filed seven months after a settlement agreement between the plaintiffs' union and their employer and four months after the plaintiffs learned of the terms of that settlement agreement. 7 F.3d at 524. Even if the use of the term "termination" was ambiguous, as Darden contends, the "exercise of reasonable diligence" (e.g., calling the telephone number on the letter) would have revealed those consequences.
 
 
 10
 Relying on Ruggirello v. Ford Motor Corp., 411 F.Supp. 758 (E.D.Mich.1976), Darden contends that "the union should be estopped from asserting a statute of limitations defense because [a representative of Local Union] lulled Darden into a false belief that his interests were being protected." Ruggirello is inapposite in that it only indicates that a union may be estopped from asserting a defense based on the failure to exhaust a union appeal procedure when union representatives have made misrepresentations. 411 F.Supp. at 762. Darden identifies no such appeal procedure and Local Union does not raise any such defense. Darden's cause of action accrued when he received the letter dated August 11, 1993, regardless of any misrepresentations made by representatives of Local Union.
 
 
 11
 Relying on Robinson v. Central Brass Mfg. Co., 987 F.2d 1235 (6th Cir.), cert. denied, 510 U.S. 827 (1993), Darden contends that the statute of limitations was tolled while he sought "redress within the union." In Robinson, this court held that the limitations period for a claim for breach of the duty of fair representation was tolled by the plaintiff employee's pursuit of internal union remedies. 987 F.2d at 1244. Darden does not identify any such remedy he might have pursued. In Robinson, the court found that the statute of limitations can only be tolled when there is some possibility of relief beyond filing suit. Id. Darden notes only that representatives of the local union indicated that they would attempt to procure additional pension benefits for him. If there was a breach of the duty of fair representation, it occurred when the participation in the Central States Fund was terminated. Darden should have discovered that breach when he received the letter dated August 11, 1993. As Darden's case was not timely filed, this court need not address Local Union's contention that it did not breach its duty of fair representation.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 The relevant part of that letter states,
 In [our previous] letter, we advised you that unless the Fund received an acceptable agreement from your Employer and Local Union, your participation in Central States Pension Fund would be terminated.
 We regret to inform you that the Fund did not receive an acceptable collective bargaining agreement, and therefore, your participation in Central States Pension Fund has been terminated effective August 7, 1993. Furthermore, the Fund has not accepted the parties['] agreement which intended to cover the period June 2, 1991 through June 1, 1994 since it did not conform to Fund policy.