**George L. DUGGAN et al.,
Plaintiffs-Appellants,**

**v.**

**INTERNATIONAL ASSOCIATION OF MACHINISTS, a voluntary association, Defendant-Appellee.**

**No. 73–1870.**

United States Court of Appeals,
Ninth Circuit.

Jan. 24, 1975.

Certiorari Denied June 9, 1975.

See 95 S.Ct. 2417.

Anthony Schwab (argued), Seattle, Wash., for plaintiffs-appellants.

Thomas K. Cassidy of Hafer, Cassidy & Price (argued), Seattle, Wash., for defendant-appellee.

Before CHOY and GOODWIN, Circuit Judges, and BURNS,* District Judge.

## OPINION

ALFRED T. GOODWIN, Circuit Judge:

A group of flight engineers, qualified for employment on piston-engine aircraft but for various reasons unable to satisfy jet-flight-engineer requirements, lost their jobs with Northwest Airlines, Inc. They sued their labor union for an alleged breach of its duty to provide fair representation in the acrimonious bargaining which plagued the airline industry for several years after the introduction of jet aircraft. The district court dismissed the action. We affirm.

The plaintiffs concede that they are unable to allege bad faith or a hostile attitude toward their group in the defendant union's industry-wide bargaining. The bargaining and a strike settlement resulted in substantial benefits for other members of the machinists' union, but proved disappointing to the flight engineers. Their displeasure was exacerbated when they learned that flight engineers for two other airlines, represented by another union, had obtained substantial severance-pay awards on similar job losses.

Because the district court thought that the plaintiffs, through their former counsel, had been dilatory in the prosecution of their claim, the court granted a motion to dismiss for want of prosecution. Fed.R.Civ.P. 41(b). The court also granted a motion to dismiss on the merits for failure to state a claim upon which relief could be granted. Fed.R. Civ.P. 12(b)(6).

The correctness of both rulings has been challenged here, but because we agree that the trial court correctly dismissed the case upon the merits there is no need to venture upon the more difficult search for the minimum level of "on-again-off-again" diligence necessary to withstand a motion to dismiss for failure of prosecution. *Compare* Rollins v. United States, 286 F.2d 761, 764–765 (9th Cir. 1961), *with* Boling v. United States, 231 F.2d 926, 928 (9th Cir. 1956).

The district court purported to grant a judgment on the pleadings under Rule 12, but more accurately can be said to have granted a summary judgment, because it considered matters outside the pleadings. This labeling error is inconsequential, as the appellants concede, because no material facts were or are in dispute. The dismissal was based solely on the failure of the plaintiffs to find a legal theory that would support their claim.

Prior to the dismissal, the plaintiffs attempted to substitute a third amended complaint for their second amended complaint. The court refused the substitution. The appellants now contend that the third amended complaint merely clarified earlier claims and that the theory it advanced—quasi-contract—had been adequately raised, under liberal federal pleading standards, by the second amended complaint. Assuming, without deciding, that the motion for leave to file a tardy amendment was well taken, the question is whether summary judgment in favor of the defendant on a claim sounding in quasi-contract is proper. Because there is no factual dispute, and because the appellants seek summary disposition by this court, there is no need to remand. *See* S & S Logging Co. v. Barker, 366 F.2d 617, 623 (9th Cir. 1966).

The governing federal law emanates from the Railway Labor Act, 45 U.S.C. § 151 et seq. While decisions under the

---

* The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation.

National Labor Relations Act, 29 U.S.C. § 151 et seq., do not control, they do furnish guidance. *See* Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co., 394 U.S. 369, 383–384, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969).

 A union member covered by the National Labor Relations Act may recover against a union for breach of its duty of fair representation only when he can show that its conduct toward him has been "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). *Vaca's* reference to "arbitrary" action broadened the scope of union duty, and thus undermined cases like ILWU v. Kuntz, 334 F.2d 165 (9th Cir. 1964), relied on by the appellee, which required a showing of "a bad faith motive, an intent to hostilely discriminate," 334 F.2d at 171. *See* Beriault v. Local 40, etc., ILWU, 501 F.2d 258, 264 (9th Cir. 1974); Retana v. AMHEOU Local 14, 453 F.2d 1018, 1023 n.8 (9th Cir. 1972).

But Vaca v. Sipes does not improve the appellants' prospects. They conceded, in a Memorandum in Support of a Motion for Reconsideration, that "it has become patent that IAM [International Association of Machinists] did not exhibit any hostile motivation or any arbitrary action against a certain minority of flight engineers * * *." This concession precludes recovery under *Vaca*. If *Vaca* is said not to affect the standard of duty under the Railway Labor Act, then the pre-*Vaca* cases such as Hardcastle v. Western Greyhound Lines, 303 F.2d 182, 185 (9th Cir.), cert. denied, 371 U.S. 920, 83 S.Ct. 288, 9 L.Ed.2d 229 (1962), would continue to apply.

The appellants urge that despite their lack of a cause of action under *Vaca* they should be allowed to recover on a theory of quasi-contract. Such relief would be impermissible under the circumstances. Liability under a quasi-contract "arises where the law imposes a duty upon a person * * *." Schenley Distillers Corp. v. Kinsey Distilling Corp., 136 F.2d 350, 352 (3d . Cir. 1943). No law imposes a duty here. If quasi-

contractual relief were grounded on a duty other than that prescribed by *Vaca*, then this court would necessarily be creating a new duty. We would be departing from *Vaca* because, as the appellants concede in their brief on appeal, federal labor law furnishes the only source of duty here. We decline to depart from *Vaca*.

The judgment for the defendant is affirmed.