528 F.2d 912
 91 L.R.R.M. (BNA) 3054, 78 Lab.Cas. P 11,392
 William RUZICKA, Plaintiff-Appellant, and Cross-Appellee,
v.
GENERAL MOTORS CORPORATION, a Delaware Corporation,
International Union, UAW, and Local Union 166,
UAW, Defendants-Appellees, and Cross-Appellants.
 Nos. 74--1939 to 74--1941.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 9, 1975.
 
 Before WEICK, CELEBREZZE and McCREE, Circuit Judges.
 
 ORDER
 
 1
 The International Union of the UAW, Local 166 of the UAW, and General Motors Corporation (GM) Defendants below and Appellees and Cross-Appellants in this Court, pursuant to Rule 35 of the Federal Rules of Appellate Procedure, petition for rehearing and suggestion of Rehearing en Banc.
 
 
 2
 Upon consideration of the petition for rehearing with the suggestion that it be heard en banc, it appearing that a majority of the active Judges of this Court did not vote in favor of an en banc hearing, the petition for rehearing has been referred to the panel which heard the original appeal.
 
 
 3
 The International Union, UAW and Local Union 166 UAW, and General Motors make a number of arguments in support of their petitions for rehearing. Having considered all issues raised we believe two require comment.
 
 
 4
 General Motors argues that the Court's opinion can be read to imply that an employee can invoke § 301 of the Labor-Management Relations Act to protect rights other than those afforded him by the collective bargaining agreement covering his unit. General Motors points to no specific language in the opinion as conveying this impression and we can find none. Ruzicka was only attempting to enforce the commitments contained in the Collective Bargaining Agreement.
 
 
 5
 The Unions contend that the Court's opinion contains language which conflicts with language in Balowski v. UAW, 372 F.2d 829 (6th Cir. 1967), and Dill v. Greyhound Corp., 435 F.2d 231 (6th Cir. 1970), and consequently with cases which rely on Balowski and Dill. In Balowski the Union took a variety of steps on the employee's behalf and all of these steps were taken in a timely manner. It was not until an independent physician found the employee unable to perform the duties of the job to which he was seeking reinstatement that the Union withdrew the employee's grievance. In Dill, although the union local failed to take action on Dill's grievance it did resolve the grievance of two other similarly situated employees which raised the identical question contained in Dill's grievance.
 
 We distinguished Dill by stating:
 
 6
 'We do not deviate from our holding in Dill to conclude that when a union makes no decision as to the merit of an individual's grievance but merely allows it to expire by negligently failing to take a basic and required step towards resolving it, the union has acted arbitrarily and is liable for a breach of its duty of fair representation.' 435 F.2d 231.
 
 
 7
 Thus, we distinguish the Balowski-Dill line of cases in which the unions considered the issues raised in the employees' grievances and decided the grievances did not merit pursuing.
 
 
 8
 Our opinion is this action speaks to a narrow range of cases in which unexplained union inaction, amounting to arbitrary treatment, has barred an employee from access to an established union-management apparatus for resolving grievances.
 
 
 9
 Judge McCree concurs for the reasons set forth in his separate concurring opinion (523 F.2d at 315).
 
 
 10
 It is ordered that the Petition for Rehearing be denied.
 
 
 11
 EDWARDS, Circuit Judge (dissenting).
 
 
 12
 Since I feel that both motions for rehearing in banc filed in these cases raise questions of exceptional importance and that full court consideration is necessary to maintain uniformity of our opinions, I dissent.
 
 
 13
 LIVELY and ENGEL, Circuit Judges, concur in this dissent.