**Herman PRATT, Jr., Plaintiff,**

**v.**

**UNITED AIR LINES, INC., and Local Lodge No. 1781, International Association of Machinists and Aerospace Workers, AFL–CIO, and District Lodge No. 141, International Association of Machinists and Aerospace Workers, AFL–CIO, Defendants.**

No. C–78–1471 WHO.

United States District Court,
N. D. California.

Dec. 19, 1978.

Stuart A. Wein, San Francisco, Cal., for plaintiff.

Linda S. Puvogel, Chicago, Ill., Sedgwick, Detert, Moran & Arnold, John B. Marchant, San Francisco, Cal., for United Air Lines.

Plato Papps, Washington, D. C., Norback, DuRard, Belkin & Carcione, Inc., San Mateo, Cal., for Union defendants.

ORRICK, District Judge.

Plaintiff, Herman Pratt, Jr. ("Pratt"), a former employee of United Air Lines, Inc. ("United"), sues United and the local lodges of the International Association of Machinists and Aerospace Workers ("Union") with which United has a collective bargaining agreement (the "Agreement"), for back pay and restitution of his job, charging United in certain counts of the complaint[1] with violating the Agreement and the Union with breaching its duty to him of fair representation by failing to exhaust all the administrative remedies mandated by the Railway Labor Act, 45 U.S.C.A. §§ 151–188 (the "Act").[2]

United, raising a question under the Act that does not appear to have been decided in this Circuit, moves the Court to dismiss these counts against it on the ground that the Court lacks subject matter jurisdiction because plaintiff's exclusive remedy lies in the administrative procedures mandated by the Act even though the Union's alleged wrongful conduct in not timely pursuing that remedy has led to its forfeiture.

Contrary to United's position, and for the reasons hereinafter stated, the Court denies the motion to dismiss, finding that it does have jurisdiction over the plaintiff's claims of wrongful discharge against United despite the failure to exhaust all administrative remedies where, as here, plaintiff alleges as a justifiable excuse his Union's breach of the duty of fair representation.

## I.

Pratt was first discharged by United from his job as a ramp serviceman in November, 1976, allegedly because of his poor attendance record. Pratt contested this discharge by filing a grievance with the Un-

ion, and following an administrative appeal, was reinstated in February, 1977. However, Pratt was denied back pay, and he filed a grievance in March, 1977, to recover it. He now alleges that the Union failed to inform him of its decision with regard to the processing of this grievance or of any efforts on his behalf to resolve the matter.

In July, 1977, Pratt was again discharged by United because of his unsatisfactory attendance record. Pratt claims his discharge was in retaliation for his having filed the back-pay grievance. Pratt filed a grievance regarding this July, 1977, termination and was represented by the Union through four steps of the grievance procedure. His claim for reinstatement and back pay was denied. The next step in the grievance procedure is arbitration before the System Board of Adjustment (the "Board") at either the Union's or the employee's request. However, Pratt alleges that neither United nor the Union informed him in a timely manner that his claim had been denied or that the Union had decided not to put the claim before the Board. The time period provided by the Agreement for demanding arbitration of the grievance before the Board lapsed, and his administrative rights were forfeited.

## II.

### A.

■ The issue as to whether an employee, prevented from exhausting his exclusive contractual remedies by his union's wrongful conduct, may seek judicial enforcement of his contractual rights, has been answered affirmatively in the context of cases arising under the National Labor Relations Act ("NLRA") and the Labor Management Re-

1. Pratt brought this suit in July, 1978, against United and the local and district lodges of the Union alleging six counts. The first two state United breached the Agreement by denying Pratt back pay supposedly owing from his first discharge and by firing Pratt a second time, supposedly in retaliation for his filing the March, 1977, back-pay grievance and the July, 1977, retaliatory firing grievance by failing to process further those grievances and by failing

to timely inform Pratt as to the Union's or United's decision regarding those claims. As a result, Pratt was unable himself to pursue his administrative remedies, and they were forfeited. The other claims allege breach of 42 U.S.C. § 1981 by United and the Union on the basis of racially discriminatory treatment.

2. Sections 151, 152, and 154–163 apply to carriers by air as do Sections 181–188.

lations Act ("LMRA").[3] The Supreme Court in *Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1966), held that "the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." The question before this Court is whether under similar circumstances an employee in an industry covered by the Railway Labor Act may sue his employer for wrongful discharge and thus bypass his contractual remedies.[4]

The Act was passed in 1926, nine years before the NLRA. However, the Supreme Court has in the past referred to the NLRA for assistance in construing the Act recognizing that "[t]o the extent that there exists today any relevant corpus of 'national labor policy,' it is in the law developed during the more than 30 years of administering our most comprehensive national labor scheme, the National Labor Relations Act." *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.,* 394 U.S. 369, 383, 89 S.Ct. 1109, 1118, 22 L.Ed.2d 344 (1968).

The formulation of the duty of fair representation doctrine presents a good example of the interdevelopment of the law under the two acts. The duty was first recognized in cases involving unions certified as exclusive bargaining representatives under the Act, *see Steele v. Louisville & N. R. Co.,* 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944), before being extended to unions certified under the NLRA. The doctrine was refined further in *Vaca v. Sipes, supra,* an NLRA/LMRA case, and that case's statement of the doctrine has since been employed for guidance in Railway Labor Act cases. *Duggan v. International Association of Machinists,* 510 F.2d 1086, 1087–88 (9th Cir. 1975).

While labor law, as developed under the NLRA, provides assistance in construing the Act, the Supreme Court has cautioned that "the National Labor Relations Act cannot be imported wholesale into the railway labor arena. Even rough analogies must be drawn circumspectly, with due regard for the many differences between the statutory schemes." *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co., supra,* 394 U.S. at 383, 89 S.Ct. at 1118. It is these differences that United here stresses in its attempt to avoid the application of *Vaca v. Sipes* to this case arising under the Act. Specifically, United maintains that the necessity to exhaust administrative remedies is greater under the Act than the NLRA because the arbitration boards are not purely contractual in nature but required by statute.

Section 204 of the Act, 45 U.S.C. § 184, clearly requires carriers by air and their employees to establish boards of adjustment to settle grievances or contract disputes concerning rates of pay, rules, or working conditions. The legislative purpose of the Act is

> "to provide a framework for peaceful settlement of labor disputes between carriers and their employees to 'insure to the public continuity and efficiency of interstate transportation service, and to protect the public from the injuries and losses consequent upon any impairment or interruption of interstate commerce through failures of manager and employees to settle peaceably their controversies.' H.R.Rep.No.328, 69th Cong., 1st Sess., p. 1." *Union Pacific R.R. Co. v. Price,* 360 U.S. 601, 609, 79 S.Ct. 1351, 1356, 3 L.Ed.2d 1460 (1959).

Congress' special concern to avoid disruption of commerce in the transportation industry, 45 U.S.C. § 151a, led it to require

**3.** The LMRA, 29 U.S.C.A. §§ 141–157 (1973), amended the NLRA, 29 U.S.C.A. §§ 151–169 (1973), and provided an expanded national framework for labor-management relations.

**4.** It is clear that under the Act this Court has jurisdiction over an employee's claim that his

union has breached its duty of fair representation regardless of whether contractual remedies have been exhausted. *Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1969); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

the establishment of administrative remedies. It is in response to this mandate that the Agreement between United and the Union provided for the submission of disputes to a Board once all previous steps in the grievance procedure have been exhausted.

Thus, where possible, resort to administrative remedies should be made if disputes are to be handled efficiently and quickly so as to avoid disruption of service. However, where an employee alleging wrongful discharge can no longer exhaust his administrative remedies owing to his union's breach of duty, the situation takes on a very different cast. Here the Union allegedly not only failed to take Pratt's grievance through the next step to the Board, but it allegedly failed to give Pratt notice of its decision not to do so in order that he could timely place his grievance before the Board. To require him, under those conditions, to exhaust his administrative remedies leaves him no remedy at all. The danger that commerce will be disrupted in sympathy with individual grievances remains as threatening as if the Act had never been passed.

Nonetheless, United insists that Pratt's administrative remedies not only must be exhausted prior to suit but remain his exclusive remedy, citing for this proposition the case of *Andrews v. Louisville & Nashville R.R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1971). *Andrews* involved an employee who elected to bring suit in state court seeking damages for alleged wrongful discharge without any attempt to pursue his administrative remedies. In support of its position, United has seized upon the statement in that case that, "It is clear, however, that *in at least some situations* the Act makes the federal administrative remedy exclusive, rather than merely requiring exhaustion of remedies in one forum before resorting to another." *Id.* at 325, 92 S.Ct. at 1565 (emphasis added). However, the sentences that follow make clear what those "some situations" are.

"A party who has litigated an issue before the Adjustment Board on the merits may not relitigate that issue in an independent judicial proceeding. He is limit-

ed to the judicial review of the Board's proceedings that the Act itself provides. In such a case the proceedings afforded by 45 U.S.C. § 153 First (i) [before the appropriate Board of Adjustment], will be the only remedy available to the aggrieved party." *Id.* (citations omitted).

The case does not deal with the situation where a union is alleged to have breached the duty of fair representation such that an employee can no longer litigate before the Board.

Further shaking United's claim that Pratt's only remedy against his employer for contract breach remains his administrative one is the Supreme Court's decision in *Glover v. St. Louis-San Francisco Ry. Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1968). In *Glover,* employees sued their employer and the union alleging the two had acted in concert to bar Blacks from job promotions. The employer argued that the complaint should be dismissed for lack of jurisdiction because the employees had failed to exhaust their administrative remedies. To this the Supreme Court responded:

"The Court has made clear, however, that the exhaustion requirement is subject to a number of exceptions for the variety of situations in which doctrinaire application of the exhaustion rule would defeat the overall purposes of federal labor relations policy." *Id.* at 329–30, 89 S.Ct. at 551.

The employer had cited in support of its position the case of *Vaca v. Sipes, supra,* and the Supreme Court, in countering its claim, noted that *Vaca* itself recognized two exceptions to the exhaustion requirements, namely, the case where the employer repudiates the grievance machinery or the case where the union breaches its duty of fair representation.

"The Court in *Vaca* went on to specify at least two situations in which suit could be brought by the employee despite his failure to exhaust fully his contractual remedies. The circumstances of the present case call into play another of the most obvious exceptions to the exhaustion requirement—the situation where

the effort to proceed would be wholly futile." *Id.*

Such a discussion of *Vaca* in the context of a Railway Labor Act case gives strong support to the contention that its exhaustion-of-remedies reasoning applies to that Act.

The Second Circuit has found this discussion dispositive. Relying on *Glover,* the Second Circuit, in *Schum v. South Buffalo Ry. Co.,* 496 F.2d 328 (1974), has allowed an employee to sue his employer for wrongful discharge without exhausting administrative remedies where the employee claimed his union's wrongful conduct as an excuse for not doing so. As here alleged, Schum maintained his union had failed to timely appeal his claim or notify him of its decision so that Schum could take his own appeal. United has attempted to characterize the Second Circuit's *Schum* opinion as one "much criticized." However, this Court finds nothing of the sort. Instead, both the Seventh Circuit and the District of Columbia Circuit have recognized that under the Act there are exceptions to the rule requiring exhaustion of administrative remedies. *Conrad v. Delta Air Lines, Inc.,* 494 F.2d 914, 917 (7th Cir. 1974); *Haney v. Chesapeake & Ohio R.R. Co.,* 162 U.S.App.D.C. 254, 257, 498 F.2d 987, 990 (1974). While the plaintiffs in both these cases were barred from suing their employers for failure to exhaust administrative remedies, both plaintiffs also had made a conscious choice to avoid the administrative remedy and seek judicial relief. Such a practice should be discouraged in all but exceptional cases to avoid forum shopping. In this case, however, Pratt, if his allegations are proven, made no such choice between forums and sought judicial remedy only as a last resort.

While it is true that *Schum* has been criticized by the Fourth Circuit in *Harrison v. United Transportation Union,* 530 F.2d 558, *cert. denied,* 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976), such criticism was only *dicta.* The employer there was not sued for breach of the collective bargaining agreement. Further, Circuit Judge Winter, concurring in part and dissenting in part,

expressed full support of the reasoning in *Schum. Id.* at 506, n. 2.

United notes that the majority in *Harrison* allowed the plaintiff, whose administrative remedy for wrongful suspension had lapsed owing to his union's alleged breach of its duty of fair representation, to recover lost earnings from his union. The Court reasoned that there was no need to permit the plaintiff to sue his employer where the union could compensate him with a damage award. United here contends that Pratt likewise should recover damages for his wrongful discharge from the Union, thus eliminating the necessity of suing United. However, significant doubt exists as to whether a union can be held liable for damages caused by an employer. *See Czosek v. O'Mara,* 397 U.S. 25, 29, 90 S.Ct. 770, 25 L.Ed.2d 21 (1969); *Vaca v. Sipes, supra,* 386 U.S. at 197, 87 S.Ct. 903; *Harrison v. United Transportation Union, supra,* 530 F.2d at 564–67 (dissenting opinion). Furthermore, while Harrison may have been adequately compensated for his wrongful suspension by a monetary award, Pratt here wants his job back as well as back pay, and the Union, obviously, cannot reinstate him to his prior position. In the context of an LMRA case, the Ninth Circuit has recognized the inadequacy of monetary relief where a wrongful discharge has been alleged. *Margretta v. Pam Pam Corp.,* 501 F.2d 179, 181 (1974).

▮ Thus, this Court finds the exhaustion of the administrative remedy requirement under the Act subject to an exception where an employee claiming wrongful discharge alleges as a justifiable excuse his union's breach of the duty of fair representation. While not explicitly dealing with the issue of exhaustion of administrative remedies, the Ninth Circuit appears to have allowed such a suit in the recent case of *Robesky v. Quantas Empire Airways Limited,* 573 F.2d 1082 (1978).

### B.

▮ Applying the law to the facts of this case, the Court denies United's motion to dismiss and finds jurisdiction over Pratt's claims one and two, based on breach of the Agreement.

While these claims have survived United's motion to dismiss, a heavy burden of proof must still be met in order for Pratt to recover. As noted in *Hines v. Anchor,* 424 U.S. 554, 570, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1975):

> "[T]he burden on employees will remain a substantial one, far too heavy in the opinion of some. To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union."

The Union does have discretion as to whether to take a grievance to arbitration, and "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." *Vaca v. Sipes, supra,* 386 U.S. at 190–91, 87 S.Ct. at 916.

Furthermore, unlike the situation in *Vaca,* the Union does not have exclusive control over grievances; Pratt also could have timely requested the last step of the grievance procedure, namely, arbitration before the Board. While this does not preclude Pratt's suing his employer, he must show that he had a justifiable excuse for failing to invoke the administrative remedy on his own. *Retana v. Apartment, Motel, Hotel & Elevator Operators Union, Local No. 14, AFL–CIO,* 453 F.2d 1018, 1026 (9th Cir. 1972); *Schum v. South Buffalo Ry. Co., supra,* 496 F.2d 328.[5]

With these cautions, and for the reasons herein discussed, the Court allows Pratt to press his claim of wrongful discharge against United.

---

**5.** The court in *Schum v. South Buffalo Ry. Co.,* 496 F.2d 328 (1974), found that, assuming the truth of allegations similar to those at hand, the plaintiff had made a showing of reasonable reliance on his union to prosecute his grievance.