**Norman E. DUTRISAC and Bill Gamble, Plaintiffs,**

v.

**CATERPILLAR TRACTOR CO., International Association of Machinists, District Lodge No. 115, and Does I through X, inclusive, Defendants.**

**C 80–0026 RPA.**

United States District Court,
N. D. California.

April 16, 1981.

Roy A. Hanley, Dodge, Reyes, Brorby, Randall & Titmus, Walnut Creek, Cal., for plaintiffs.

William F. Murphy, II, Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant Caterpillar Tractor Co.

Steven L. Stemerman, Davis, Cowell & Bowe, San Francisco, Cal., for defendant Union.

## MEMORANDUM DECISION

AGUILAR, District Judge.

Plaintiff Bill Gamble* sued his district union lodge, the International Association of Machinists, District Lodge No. 115 (Union), for breach of the Union's duty of fair representation, and sued his employer Caterpillar Tractor Company (Caterpillar) for breach of the collective bargaining agreement between Caterpillar and Union claiming that he was wrongfully discharged from his employment with Caterpillar.

■ Caterpillar and Union are parties to a collective bargaining agreement which provides that Union is the exclusive bargaining representative for Caterpillar's employees. The collective bargaining agreement establishes a mandatory grievance procedure, the final step being binding arbitration. Where such a provision exists in an employment contract, the employee is allowed to maintain an action against his employer for breach of the collective bargaining agreement only after the employee proves that the union, as the employee's bargaining agent, breached its duty of fair representation in its handling of the employee's grievance against the employer. *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914–915, 17 L.Ed.2d 842 (1967). Accordingly, prior to trial both Union and Caterpillar moved for summary judgment on the ground that the undisputed facts show that Union did not breach its duty of fair representation to plaintiff.

The Court denied these motions for summary judgment on the ground that there were insufficient facts to find that the actions of Union were not a breach of its duty of fair representation to plaintiff. Union and Caterpillar then supplemented the evidentiary material before the Court and moved again for summary judgment on the ground that the undisputed facts show that Union did not breach its duty of fair representation to plaintiff.

This motion was set for hearing four days before the trial was to commence. At the hearing Union and Caterpillar stated that if the Court were to deny the summary judgment motions, the same evidence as was before the Court in ruling on these motions would be presented to the Court for the trial. As the action was to be tried by the Court, the Court asked the parties to stipulate to the Court entering judgment on the issue of the Union's breach of the duty of fair representation on the basis of the record before the Court for the summary judgment motions. The parties so stipulated, and the Court orally entered judgment for plaintiff, finding that Union breached its duty of fair representation to plaintiff. A court trial was then held on the issue of whether plaintiff was wrongfully discharged by Caterpillar in breach of the collective bargaining agreement.

The Court concludes that although Union breached its duty of fair representation to plaintiff, Caterpillar discharged plaintiff for good and sufficient cause, and thus did not breach the collective bargaining agreement. The Court, however, will award plaintiff $2,000 in attorneys' fees and costs, to be paid to plaintiff by Union, as damages caused by Union's breach of its duty of fair representation to plaintiff. The Court's reasoning follows.

*Union's Breach of Duty.*

When plaintiff was terminated by Caterpillar in February of 1978, plaintiff instituted the grievance procedure provided by the collective bargaining agreement by presenting a grievance to Caterpillar. The first mandatory grievance proceeding required under the collective bargaining agreement for an employee who claims he has been improperly terminated is the "third step." Plaintiff was represented at this "third step" hearing by Andrew Barnes, a Union business representative. At this hearing

---

* In an earlier proceeding, defendants' motions for summary judgment as to plaintiff Dutrisac were granted for failure to exhaust mandatory grievance procedures, thus Gamble is the only remaining plaintiff in this action.

Barnes presented the Union's side of the controversy, and a representative of Caterpillar presented Caterpillar's side of the controversy.

Within a few days, Caterpillar informed Union of its decision to terminate plaintiff. As provided by the collective bargaining agreement, the Union had thirty days from the date of this decision to file a notice to request arbitration of the grievance.

Following the third step proceeding, Barnes had several conversations with plaintiff wherein he asked plaintiff to supply him with certain information which would help the Union in representing plaintiff. Plaintiff never got this information for Barnes. Additionally, Barnes had informal discussions with Caterpillar, attempting to get plaintiff back to work.

It was the Union's practice to determine whether a grievance should be taken to arbitration at weekly Monday morning meetings attended by union officials. Apparently, all pending cases are discussed at each meeting, and decisions on whether grievances are to go to arbitration are also made. Gamble's grievance was discussed "in depth" at one of these Monday morning meetings, and it was agreed by the officials present that Gamble's grievance should be submitted to arbitration.

Barnes filed the notice of request for arbitration of plaintiff's grievance. Although at the time he filed the notice he believed he was filing within the thirty-day time limit, he actually filed the notice two weeks beyond the expiration of the time limit. At the arbitration hearing, the arbitrator determined that the grievance was not arbitrable because the Union's reference of the grievance to arbitration was untimely.

In his deposition, Barnes stated that there was no calendaring system at the Union, and that the method of keeping track of time limits was the contact with each grievance file at least once a week. Barnes admitted that as the business representative handling plaintiff's grievance, it was his responsibility to keep track of the time limits involved. Barnes clearly knew

of the thirty-day time limit, and thought he had timely filed the notice. When asked at his deposition why the notice had not been timely filed, he stated, "Well, normally I didn't go beyond the time limit, so I was somewhat surprised when I found out that it was not within the time limit, and it had gone beyond the time limits, really." Barnes further stated that he "had a constant eye on the time period," but had no explanation or reason for why he did not send the notice before the time period expired.

Barnes stated that he wanted to protect Gamble and that he had no ill feelings toward Gamble. Despite the determination that the grievance was not arbitrable, Barnes and other Union officials adequately represented plaintiff before other tribunals on other matters.

It should be noted that there is no factual dispute between the parties. It is agreed that Barnes missed the time limit, and that he was not aware that he missed the time limit. The only question before the Court is whether the missing of the time limit by the union representative is a breach of the Union's duty of fair representation to plaintiff.

Union and Caterpillar contend that the conduct of Barnes in missing the time deadline was at most negligent, and that negligent conduct by the Union does not breach the duty of fair representation. Plaintiff contends that missing a time deadline is arbitrary conduct, and so violates the duty of fair representation.

■ The United States Supreme Court set forth the three types of conduct that can violate a union's duty to fairly represent its members when it set forth the rule in *Vaca v. Sipes, supra,* 386 U.S. at 190, 87 S.Ct. at 916–917, that "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." It is the general rule, and the rule in this circuit, that simple negligence does not amount to a breach of the duty of fair representation.

*See, e. g., Franklin v. Southern Pacific Transportation Co.*, 593 F.2d 899, 901 (9th Cir. 1979).

The evidence before the Court clearly establishes that there was no discriminatory or bad faith activity on behalf of Barnes and the Union in acting on plaintiff's grievance. Neither motive is present as Barnes sought to protect plaintiff's interests as a long-term employee of Caterpillar and had no ill feelings toward plaintiff. Thus, the only question is whether the missing of the time deadline by Barnes constituted arbitrary conduct.

As in this case, courts generally have little difficulty in applying the "discriminatory" and "bad faith" standards of conduct to the facts presented to them. However, there is significant uncertainty in the cases as to what constitutes "arbitrary" conduct and as to how arbitrary conduct is distinguishable from negligent conduct. *See Barhitte v. Kroger Co.*, 85 CCH Labor Cases ¶ 11,081 at p. 20,231 (W.D.Mich.1978). Due to this difficulty, the Court finds that some general discussion of what constitutes arbitrary and negligent conduct in fair representation cases is necessary.

The starting point for courts in discussing what constitutes arbitrary conduct is *Vaca v. Sipes.* In that case, the Supreme Court suggested what union actions could constitute arbitrary conduct when it was stated that "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion." *Vaca v. Sipes, supra,* 386 U.S. at 191, 87 S.Ct. at 917; *and see International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 46–47, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979).

In the case of *Robesky v. Qantas Empire Airways Ltd.,* 573 F.2d 1082 (9th Cir. 1978), the Ninth Circuit went a significant distance in defining what constitutes arbitrary conduct. In brief, the *Robesky* court stated that intentional or unintentional omissions can constitute "arbitrary" conduct that violates a union's duty of fair representation. *Id.* at 1088. As the case before this Court involves an unintentional omission, this portion of the *Robesky* decision will be discussed herein.

In *Robesky,* the court first prefaces its efforts to categorize conduct for duty of fair representation purposes by explaining that the inclusion of arbitrariness by the Supreme Court in *Vaca v. Sipes* as conduct that a union must avoid to fairly represent its members has the effect of rejecting any requirement that bad faith or hostility must always be a precondition to a finding of breach of this duty. *Id.* at 1086; *and see Retana v. Apartment, Motel, etc. Local 14,* 453 F.2d 1018, 1023 n.8 (9th Cir. 1972). The *Robesky* court then stated that "[w]hile courts have said negligent conduct is not enough to breach the duty of fair representation, these references are to *simple negligence* violating the tort standard of due care. Acts of omission by union officials not intended to harm members may be so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." *Robesky, supra,* 573 F.2d at 1089–1090 (footnote omitted, emphasis added). Specifically addressing unintentional acts or omissions by union officials, the court stated that such acts or omissions "may be arbitrary if they [1] reflect reckless disregard for the rights of the individual employee . . .; [2] they severely prejudice the injured employee . . .; and [3] the policies underlying the duty of fair representation would not be served by shielding the union from liability in the circumstances of the particular case." *Id.* at 1090. (Citations omitted).

The *Robesky* court then applied these three considerations to the facts of the case. These facts were that the plaintiff-employee was terminated by her employer and sued her union and employer. The plaintiff claimed that the union breached its duty to fairly represent her by failing to tell her that her grievance would not be referred to arbitration, and that this failure led her to reject an offer of settlement from the employer for reemployment that she otherwise would have accepted. *Id.* at 1085. After a trial, the district court determined that there was no breach of the duty of fair

representation and entered judgment for defendants. On appeal by plaintiff, the union claimed that its conduct was at most negligent, and that mere negligence was not enough to breach the duty of fair representation. However, the Court of Appeal for the Ninth Circuit held that the withholding of the information as to arbitration could be "so egregious as to be arbitrary" stating that "[e]ven accepting the Union's premise that the nondisclosure was unintentional, the Union may have breached its duty to appellant." *Id.* at 1088–1089.

The court next applied the three above-mentioned elements in finding arbitrary conduct to the facts, and stated that all three of the elements could be present "in the peculiar circumstances" of the case. *Id.* at 1090. The court found that the facts could reflect reckless disregard of the employee's rights because union officials had full knowledge of the situation and had ample opportunity to convey "critical" information to the employee, but failed to do so. *Id.* at 1091. The court found the possibility of severe prejudice to exist because the union's failure to disclose led to the employee's discharge, which the court considered to be "the industrial equivalent of capital punishment." *Id.*

■ Finally, the court found that "[t]he policies underlying the duty of fair representation would be served by affording appellant a remedy for the grave injury resulting from the egregious conduct of her collective bargaining agent." *Id.* The

court saw the countervailing policies in favor of limiting a union's liability to its members as non-persuasive: "[t]he Union's ability to screen meritless grievances from the arbitration process . . . would not have been impaired by disclosure to appellant. The collective strength of the Union and its ability to allocate group resources . . . would not have been undermined. Telling appellant her grievance had been withdrawn from arbitration would not have impaired the interest of other workers, cost the Union money, or dissipated the Union's bargaining power." *Id.* (Citations omitted). Thus, the court found that in that case there could have been a finding that the union acted arbitrarily and so breached its duty of fair representation. *Id.*[1]

■ Thus, in the Ninth Circuit an unintentional omission by a union representative amounts to a breach of the duty of fair representation when the omission reflects a reckless disregard for the rights of the employee, the omission severely prejudices the employee, and the policies underlying the duty of fair representation would not be served by shielding the union from liability in the circumstances of the particular case. Where these three elements are satisfied, the omission is classified as being so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary.

1. The only other Ninth Circuit case to deal with whether an unintentional omission can constitute arbitrary conduct is *Price v. Southern Pacific Transportation Co.,* 586 F.2d 750 (9th Cir. 1978). In that case there were few facts set forth, but apparently union officials did little to prosecute the employee's grievance. The court found that there was no unintentional conduct "so egregious, so far short of minimum standards of fairness to the employee and so unrelated to legitimate union interests" as to be arbitrary. *Id.* at 754. The court explained that the omission "reflects an employee of limited education indifferently cooperating with his union officials in avoiding his discharge and a union performing its duty of representation in a manner that was better than inadequate, but less good than zealous. This falls far short of constituting irrational, intentional, or egre-

giously unfair, unintentional, conduct on the part of the union." *Id.*

Union and Caterpillar contend that plaintiff's failure to supply Barnes with information in support of his grievance partially caused Barnes to miss the time deadline. However, Barnes' deposition states only that plaintiff's failure *may* have delayed the decision to take the grievance to arbitration, and at oral argument counsel admitted that plaintiff's failure to supply the information did not cause the delay. Thus, the Court rejects any claim that plaintiff's conduct caused the unintentional omission by Barnes. The Court makes no statement as to whether it is the duty of the Union, or of the employee, to obtain information that will assist in the processing of an employee grievance.

There is indication in the case law, not yet addressed by the Ninth Circuit, that the missing of time deadlines by union officials is to be deemed arbitrary conduct, no matter how innocent or unintentional.

The most significant case to address the question of arbitrary conduct by a union where a time deadline is missed is *Ruzicka v. General Motors Corp.*, 523 F.2d 306 (6th Cir. 1975). Interestingly, the *Ruzicka* case is cited with approval in *Robesky*.[2] In *Ruzicka*, an employee was discharged, allegedly for being intoxicated while on the job and for using threatening and abusive language toward supervisors. *Ruzicka, supra,* 523 F.2d at 308. The union did not file the notice necessary to invoke the arbitration process although it had sought and received two extensions of the time limit. The employee sued the union and the employer. The lower court granted the union's motion for summary judgment on the ground that there had been no breach of the duty of fair representation because the union representatives did not act in bad faith in inexplicably neglecting to take the employee's grievance to the next stage of the grievance procedure. *Id.* at 310.

The Court of Appeals for the Sixth Circuit reversed, holding that bad faith is not required to find union conduct to be arbitrary. *Id.* In discussing the union's conduct, the court stated that the union officials had discussed the employee's grievance, but had inexplicably neglected to take the grievance to the next stage of the grievance procedure, despite having sought and been granted two extensions of time to file. *Id.* The court also emphasized that at no time did the union decide that the employee's claim was without merit, and yet still allowed the filing deadline to pass. *Id.* The court concluded that "[s]uch negligent handling of the grievance, unrelated as it was to the merits of . . . [the employee's] case, amounts to unfair representation. It is a clear example of arbitrary and perfunctory handling of a grievance." *Id.*

In explaining its decision, the court stated that the union made no decision as to the merits of the employee's grievance, and merely allowed it to expire out of negligent and perfunctory handling. Thus, "when a union makes no decision as to the merit of an individual's grievance but merely allows it to expire by negligently failing to take a basic step towards resolving it, the union has acted arbitrarily and is liable for a breach of its duty of fair representation." *Id.*

Of interest is Judge McCree's concurring opinion in *Ruzicka* : "I would hold that when a statutorily established exclusive bargaining representative fails to file a statement that is a prerequisite for submission of an employee's claim to arbitration, not because the union has made a good faith judgment for a lawful reason that it should not file the document, but merely because of its negligent omission, then it has breached its duty of fair representation." *Id.* at 316.

Although the *Ruzicka* case seemed to say that a negligent failure to meet a time deadline for arbitrating an employee's claim is arbitrary, the court limited its holding somewhat in its opinion on rehearing when the court stated that "[o]ur opinion is (sic) this action speaks to a narrow range of cases in which unexplained union inaction, amounting to arbitrary treatment, has barred an employee from access to an established union-management apparatus for resolving grievances." *Ruzicka v. General Motors Corp.*, on rehearing, 528 F.2d 912, 913 (6th Cir. 1975). The court leaves some question as to whether any particular type of conduct, in addition to negligently missing a time deadline, is required to find that the union acted arbitrarily and so breached its duty of fair representation to the employee. The Sixth Circuit has subsequently interpreted *Ruzicka* as standing for a finding of arbitrary conduct by the union where the union negligently fails to take any action at all to process an employee's griev-

**2.** In citing to *Ruzicka*, the *Robesky* court stated that the court found breach of the duty of fair representation due to arbitrary conduct in a union's grossly negligent failure to process a grievance in a timely fashion. *Robesky, supra,* 573 F.2d at 1090.

ance. *Malone v. U.S. Postal Service*, 526 F.2d 1099, 1110 (6th Cir. 1975). Thus, these cases stand for the proposition that where a time deadline is negligently missed with the union having failed to make a determination as to the merits of the employee's grievance, the union has acted arbitrarily and therefore breached its duty of fair representation to the employee.

The question remains, where a determination *has been made* as to the merits of the grievance and a time deadline has been negligently missed, is the union's action arbitrary?

In *Curth v. Faraday, Inc.*, 401 F.Supp. 678 (E.D.1975) the local union determined that the discharged employee's grievance was meritorious, but chose not to take the case to arbitration because a representative of the international union advised the local union that an arbitrator would probably decide against the employee and because the local union was suffering from a shortage of funds. *Curth, supra*, 401 F.Supp. at 679–680. The court stated that the evidence showed that the union diligently represented the employee until it was advised by the international representative that the grievance might not succeed. *Id.* at 681. The court held that there was no arbitrary or perfunctory conduct, and therefore no breach of the duty of fair representation. The court characterized the union's decision not to arbitrate as "fair and rational," stating that the decision not to arbitrate because of the advice from the international union representative and knowing that the treasury was low "was based on rational and objective grounds, and therefore it cannot be deemed arbitrary," the court noting the expense of arbitration and that a union may at times properly choose the interests of the union as a whole over the interests of a single member. *Id.* Thus, this case stands for the proposition that if a grievance is determined to be meritorious, but the union subsequently decides, based on rational and objective criteria (such as expense), that the grievance is not so meritori-

ous as to warrant arbitration, there is no breach of the union's duty of fair representation. *Id.* at 682.

In *Ruggirello v. Ford Motor Co.*, 411 F.Supp. 758 (E.D.Mich.1976), the local union informed a terminated employee that his grievance was meritorious and that the union would support him. However, the union failed to file the employee's grievance. *Ruggirello, supra*, at 759–760. The court found that the employee made out a claim of unfair representation, stating that "[i]f a union breaches its duty of fair representation in failing to process a grievance before determining its merit [referring to *Ruzicka*], it is certainly liable for failing to initiate a grievance after acknowledging its merit." *Id.* Thus, there is a breach of the duty of fair representation due to a union's arbitrary conduct where the union determines that the grievance is meritorious, but negligently fails to take the proper steps to preserve the grievance.

▪ In summary, these cases speak for the following rules. Where there is no determination of the merits of an employee grievance and the union negligently misses a time limit resulting in depriving the employee of access to the mandatory grievance dispute process, the union has acted arbitrarily and so has breached its duty of fair representation. Where there has been a determination that a grievance is meritorious and the union negligently misses a time limit resulting in depriving the employee of access to the mandatory grievance dispute process, the union has acted arbitrarily and so has breached its duty of fair representation. Where there has been a determination that a grievance is meritorious and the union determines not to process the grievance based on rational, objective criteria, the union has not acted arbitrarily and so has not breached its duty of fair representation. And, of course, where the union determines that the grievance is not meritorious, and for whatever reason it is not processed, the union has not acted arbitrarily,

and so has not breached its duty of fair representation.[3]

■ In the present case, Union negligently missed the time limit for submitting the grievance to arbitration, which resulted in depriving plaintiff of access to the mandatory grievance dispute process. It is also apparent that the Union determined that the grievance had some merit as it had decided that the grievance should be submitted to arbitration. Clearly, the Union did not make any conscious decision not to submit the grievance to arbitration for any rational, objective reason. Thus, pursuant to the above-discussed case law, the Court holds that Union's negligent failure to timely file plaintiff's grievance for arbitration, thus precluding him from access to the mandatory dispute process, even though Union had determined that the grievance should be submitted to arbitration, was arbitrary and therefore constituted a breach of Union's duty of fair representation to plaintiff.[4]

This conclusion is consistent with the Ninth Circuit's general standards for a finding of arbitrariness set forth in *Robesky*. A reckless disregard for the rights of plaintiff are found, as in *Robesky*, because union officials had full knowledge of the situation that the notice to arbitrate had to be filed within thirty days, and had ample opportunity to timely file the notice, but failed to do so. *See Robesky, supra*, 573 F.2d at 1090, 1091. Severe prejudice to plaintiff can be found because plaintiff had been discharged and no longer had a remedy with Caterpillar, discharge being the "industrial equivalent of capital punishment." *Id.* at 1090, 1091. Finally, the policies underlying the duty of fair representation

would not be served by shielding the Union from liability in this case. Rather, the policies underlying the duty of fair representation would be served by affording plaintiff a remedy as it would encourage unions to maintain a better watch on critical time limits, the missing of which can preclude resort to the mandatory grievance procedures. There are no countervailing policies in favor of limiting union liability in this case, as accurate monitoring of the time limit to invoke arbitration of plaintiff's grievance would not have impaired the interest of the other union members, cost the union money, or dissipated the union's bargaining power. *Id.* at 1090, 1091.

The Court notes that in an earlier order in this case, the Court suggested that the conduct of Barnes, which at that time was unclear, might be mere negligence and therefore not a breach of the duty of fair representation. The Court now rejects its earlier statement in holding that in the case of a terminated employee, the failure to comply with a time limit which is clear on its face, where a determination has been made that an employee grievance has some merit, and where the missing of the time limit has the effect of depriving an employee of the mandatory grievance procedures provided by the collective bargaining agreement between an employer and a union, is arbitrary conduct constituting a breach of the duty of fair representation, and no matter how innocently the time limit was missed, such conduct cannot constitute "mere" negligence. The Court had made the earlier suggestion before it had undertaken more extensive research into the question of negligence versus arbitrariness where the union conduct involved is a missed time limit.

---

**3.** This conclusion does not address whether the union was arbitrary in making its determination that the grievance lacked merit.

**4.** *Ethier v. U.S. Postal Service*, 590 F.2d 733, (8th Cir. 1979), *cert. denied*, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33, is distinguishable. In that case, the union representative erroneously construed the applicable time limits. The court found that there was no arbitrary conduct and stated that the union representative had "pursued the grievance with vigor and erred only in

failing to anticipate how the Agreement would ultimately be construed by an arbitrator. We cannot impose liability for such failure." *Id.* at 736. In the present case, the time limits provision for arbitration set forth in the collective bargaining agreement was not ambiguous and not subject to more than one interpretation. Barnes knew that he had to file the notice to arbitrate within thirty days, but failed to do so. He clearly did not pursue the grievance with vigor.

■ The Court wishes to point to two very compelling reasons that conduct such as that found in the present case should not constitute only "mere" negligence. First, the collective bargaining agreement provides that only the union can file for arbitration on behalf of the employee with the employer; the employee himself cannot file. This is a common provision in collective bargaining agreements. This provision, negotiated and entered into by the union and the employer, places an imposing duty upon the union to file notices of arbitration without mistake. With such a weighty duty, lesser conduct than is required in other circumstances can constitute arbitrary conduct violating the duty of fair representation owed to the employee-union member.

Second, there is a severe loss to the employee where the union fails to observe a time limit such as the one in the present case. A terminated employee is prevented from pressing his grievance against the employer where the union has missed a time limit that must be complied with to invoke a stage of the mandatory grievance process. Thus, the employee is left with no recourse against the employer unless he can prove in court that the union violated its duty of fair representation. The severe loss to the employee of improper termination coupled with an inability to invoke a review of the employer's decision imposes a weighty burden on the union not to make mistakes in the handling of the employee's grievance. Again, lesser conduct can constitute arbitrary conduct and a breach of the duty of fair representation, because the duty of the union is great. If unions are allowed to escape breaches of the duty of fair representation by claiming that they only negligently missed time limits that precluded review of the employee's termination, employees will never be able to pursue their claims of improper termination. This is a loss to the employee that this Court cannot tolerate.

Thus, the Court holds that the conduct of Union in the present case was arbitrary, and that therefore Union violated its duty of fair representation to plaintiff.

*Plaintiff's Termination by Caterpillar.*

■ After the Court orally announced its decision that Union had breached its duty of fair representation to plaintiff, a court trial was held on the issue of whether plaintiff's termination by Caterpillar was wrongful and in breach of the collective bargaining agreement.

The Court finds that Caterpillar did not wrongfully discharge plaintiff nor breach any of the terms of the collective bargaining agreement. Specifically, Caterpillar terminated Gamble with good and sufficient cause due to plaintiff's excessive absenteeism, and plaintiff had received warnings that he would be terminated if his absences continued. Further, plaintiff's contention that he had been given permission to be absent on the day he was terminated was not borne out by the evidence.

*Damages to be Awarded Against Union.*

The question remains whether plaintiff is entitled to damages due to Union's breach of duty though he was not terminated by Caterpillar in violation of the collective bargaining agreement.

In *Vaca v. Sipes, supra,* the Supreme Court stated that "[t]he appropriate remedy for a breach of a union's duty of fair representation must vary with the circumstances of the particular breach." *Vaca v. Sipes, supra,* 386 U.S. at 195, 87 S.Ct. at 919. The Court held that as the employee's complaint against the union was that it wrongfully failed to afford him the arbitration remedy against his employer established by the collective bargaining agreement, the union could not be held liable in damages for those damages suffered by the employee due to the employer's alleged breach of contract. *Id.* at 195–197, 87 S.Ct. at 919–920. The Court stated that "[t]he governing principle, then, is to apportion liability between the employer and the union according to the damage caused by the fault of each. Thus, damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer." *Id.* at 197–

198, 87 S.Ct. at 920–921; *and see International Brotherhood of Electrical Workers v. Foust,* 442 U.S. 42, 49–50, 99 S.Ct. 2121, 2126–2127, 60 L.Ed.2d 698 (1979).

Thus, Union must bear the responsibility for expenses incurred by plaintiff directly as a result of the failure of Union to properly press plaintiff's grievance against Caterpillar. *Self v. Drivers, Chauffeurs, Warehousemen and Helpers Local Union No. 61,* 620 F.2d 439, 444 (4th Cir. 1980). In *Self, supra,* the plaintiffs were awarded damages from the union to cover their expenses, including attorneys' fees and costs, that they incurred in seeking a fair resolution of their claim against the employer. *Id.* Such an award against the union is proper even if the plaintiff did not prevail in his claim against the employer. *Id.; Del Casal v. Eastern Airlines, Inc.,* 634 F.2d 295, 301–302 (5th Cir. 1981).

The Court finds that the sum of $2,000 is a fair and reasonable amount to cover the expenses, including attorneys' fees and costs, incurred by plaintiff in seeking a fair resolution of his claim against Caterpillar.

*Order.*

Good cause appearing therefor, IT IS HEREBY ORDERED that judgment be entered in favor of plaintiff and against defendant Union in the amount of $2,000 for breach of the duty of fair representation.

IT IS FURTHER ORDERED that judgment be entered in favor of defendant Caterpillar and against plaintiff for alleged breach of the collective bargaining agreement.

This Memorandum Decision shall constitute findings of fact and conclusions of law as to judgment entered against defendant Union. Defendant Caterpillar shall prepare appropriate findings of fact and conclusions of law in support of judgment entered in its favor.